## W. B. AND C. L. MORTON v. WASHINGTON LIGHT AND WATER COMPANY.

(Filed 22 September, 1915.)

**1. Water Companies—Fire Damages—Evidence—Comparative Values—Appeal and Error.**

Where a water company negligently fails in its duty to supply water to extinguish the burning of the plaintiff's house, it is reversible error, to the plaintiff's prejudice, to admit evidence of the comparative value of the house with cost of one he has subsequently erected, and to instruct the jury thereon, tending to diminish the damages recoverable; for the inquiry is confined to the damages done by the fire.

**2. Fire Companies—Fire Damages—Measure of Damages—Insurance—Appeal and Error.**

Where the defendant water company is liable for its negligence in failing to supply water to extinguish the plaintiff's store and stock of merchandise therein, the former insured in a certain sum and the latter not insured, it is reversible error for the trial judge to instruct the jury to deduct the amount of the insurance from the total loss, when the effect may be to deny the plaintiff any recovery for damages sustained by reason of his uninsured stock of goods.

**3. Appeal and Error—Retrial—Restrictive Issues—Measure of Damages—Burden of Proof.**

Where on appeal to the Supreme Court in an action to recover damages, a new trial is granted restricting the inquiry as to the amount thereof, it is reversible error for the judge at the retrial to put the burden of proof on the plaintiff to show that the alleged negligence of the defendant was the proximate cause, which had formerly been determined.

**4. Instructions—Evidence—Appeal and Error.**

A charge to the jury, in an action to recover fire damages to property, on the issue as to the quantum of damages, that, according to the plaintiff's evidence the property was valueless, is reversible error in the absence of such evidence.

**5. Instructions—Statement of Contentions—Tax Values—Appeal and Error.**

In this action to recover damages by fire to improvements on real property, a statement of the defendant's contention made by the trial judge, in his charge, that the property was listed at a certain sum, and that plaintiff had sworn that this sum was the true value, constitutes reversible error to the prejudice of the plaintiff, when his testimony fixed its value at a greater sum, the valuation of such property being fixed by the board of assessors, and the statement tending to mislead the jury.

APPEAL by plaintiffs from *Harding, J.,* at May Term, 1915, of BEAUFORT.

MORTON v. WATER CO.

*Daniel & Warren and A. D. McLean for plaintiffs.*
*W. B. Rodman, Jr., for defendant.*

CLARK, C. J. At last term, in this case, *Morton v. Water Co.*, 168 N. C., 588, this Court granted a partial new trial restricted to the issue as to damages. By consent the case of C. L. Morton was consolidated with that of W. B. Morton & Co. C. L. Morton is asking damages for the destruction of his building and of certain personal property by the fire, which the defendant wrongfully and negligently failed to furnish sufficient water to extinguish, and W. B. Morton is asking damages by the same fire on account of the destruction of a stock of goods· in the same building, which were carried for sale, and display fixtures, such as are carried in furniture stores. C. L. Morton had $4,000 insurance on his building and no insurance on the personal property, for which he sues. W. B. Morton & Co. had $1,000 insurance on the stock of goods for sale and no insurance on the display fixtures, which he values at $400. The jury assessed the damages in favor of plaintiff C. L. Morton at $600, and the damages in favor of the plaintiff W. B. Morton & Co. at $738, and both assigned error and appealed.

Exceptions 1, 2, 3, 4, 5, 8, and 9 are to the admission by the court of evidence contrasting the value of the new building with the old. Exception 16 is to the charge of the court, which submitted to the consideration of the jury a contrast of the value of the two buildings based upon the above evidence.

It seems to us that these exceptions are well taken. The plaintiff was suing for damage to the building that was destroyed by fire. The defendant's theory, based on the above evidence and charge, was that the plaintiff had erected on the lot since the fire a more valuable building than the old one, and that therefore he was not damaged by the fire. The cost of doing this was irrelevant. If the plaintiff had seen fit to erect in the place of the old building a cheaper one, this would not have enhanced the plaintiff's damage. Nor could the fact that he had erected a more valuable one, if he did so, reduce the damages. It may be that he made a good bargain in getting the new building erected cheaply, or a bad bargain in getting it erected at too great a cost. The insurance company, or the defendant might have put back the building. Not having done so, the sole question is, "What was the value of the building that was destroyed?"

We think, also, there was error in permitting the jury to deduct from the damages sustained by C. L. Morton, $4,000, the amount of his insurance on the building, when there was evidence tending to show that he lost by the fire $1,228 worth of personal property, on which he had no insurance. This is presented by exceptions 12, 15, 17, 21, 27, and 28.

The court in effect told the jury to ascertain the total amount of dam-

ages which the plaintiff C. L. Morton had sustained, and then deduct from it $4,000, the amount of insurance which he had received, and the difference would be the damages which he should be allowed. If the jury had found that the damages to the plaintiff's building and personal property together did not amount to more than $4,000, subtracting the $4,000 insurance would leave no damage; whereas there was evidence, if believed, that C. L. Morton had no insurance whatever on $1,228 worth of personal property, which he sued for as a distinct item and for which he was entitled to recover damages. The jury seems to have thus understood the judge's charge, for they gave C. L. Morton only $600 damages, when, if they had believed his evidence, he was damaged $1,228 by loss of the personal property independent of the building, if it be conceded that the building was fully covered by insurance.

Exceptions 10, 11, 18, and 26 are that the court erred in placing on the plaintiff the burden of showing that the negligence of defendant was the proximate cause of plaintiff's injury. The issue of defendant's negligence and the proximate cause of the injury was submitted to the jury on a former trial, and on appeal the finding on these issues had been sustained and the new trial was granted only as to the *quantum* of damages.

Exception 13 is to the statement of the court in the charge that the plaintiff contended that on the evidence the property was worth by his evidence $12,000 to $15,000, whereas the plaintiff says that his evidence shows that the property before the fire was worth from $18,000 to $20,000, and exception 19 is that the court stated in its charge that there was some evidence tending to show that the personal property was not worth anything, when there was no evidence to that effect. We think also that there was error in this respect.

Exception 28 is that the court stated to the jury that the property was listed before the fire for taxation at $5,778, and that the defendant contends, as the plaintiffs had sworn that this was the true value of the property, the jury should find that amount to be correct. This charge, though it states the matter as the defendant's contention, might well have misled the jury, because, as the plaintiff testified and as a matter of law, the owner of real estate does not assess his real property, but the valuation is affixed by the board of assessors.

The plaintiff W. B. Morton assigns as error in exceptions 21, 22, and 23, that the charge of the court ignored the evidence that he had $400 worth of goods, consisting of display fixtures, on which there was no insurance. The court, it seems, made the same error, as above stated, in regard to the plaintiff C. L. Morton, by telling the jury in effect, that they were to ascertain the value of the property destroyed and deduct from it the sum of $1,000 insurance and make the difference their answer, whereas there was evidence that there was this $400 worth of prop-

erty not covered by insurance at all, whose value the plaintiff was entitled to recover, regardless whether the other property was fully covered by insurance. The plaintiff W. B. Morton further excepts, 23 and 24, that the charge of the court commits the same error by taking away from the jury the consideration of the value of these display fixtures on which there was no insurance, but for the value of which he was entitled to recover.

For these errors there must be a new trial on the issues as to damages.

New trial.

WALKER, J., concurring: I adhere, in every respect, to the view I held when this case was here before (168 N. C., 588), as expressed in my dissenting opinion, concurred in by *Justice Hoke,* and I still think that the plaintiff is not entitled to recover at all; but as a majority of the Court were of the opposite opinion, and the law as they stated it became, as it is called, the rule of this particular case, I waive further dissent, upon that ground alone, and concur in the result as to the questions now presented. I am authorized to say that *Justice Hoke* concurs in this opinion.

HOKE, J., concurring.