NORTH CAROLINA AGRICULTURAL CREDIT CORPORATION v. JOHN H. BOUSHALL ET AL.

(Filed 20 April, 1927.)

1. **Corporations—Officers—Scope of Employment — Quantum Meruit—Contracts.**

   An officer of a corporation cannot recover thereof for services rendered by him in the course and scope of his duties in the absence of an express contract to that effect made prior to their rendition, but only under certain circumstances for the reasonable value of services rendered entirely outside of the line of his duties as such officer.

2. **Same—Attorney and Client.**

   Where an attorney, the officer of a trust company whose time was practically given to his duties thereto, has acted in his capacity as attorney for the formation of another financial corporation, and thereafter has in addition to his official duties of the trust company, accepted the position of president of the corporation so formed, he may not, in the absence of express contract therefor, receive additional compensation therefrom for services rendered as such president as implied upon a *quantum meruit.*

3. **Appeal and Error—Evidence—Instructions—New Trials.**

   Prejudicial evidence erroneously admitted on the trial to the appellant's prejudice, recited in the charge as one of appellee's contentions and recognized in the charge as having a material bearing upon the result of the issue, is reversible error.

CIVIL ACTION, before *Bond, J.,* at November Term, 1926, of WAKE.

Plaintiff brought a suit against the defendants upon a promissory note in words and figures as follows: "Raleigh N. C., 3 March, 1925. $6,000.00. Three months after date we promise to pay to North Carolina Agricultural Credit Corporation, or order, the sum of $6,000.00, for value received."

The defendants filed an answer admitting the execution of said note, but asking for affirmative relief against the plaintiff upon a counter-claim in the sum of $12,584.77. In support of the counterclaim, the defendants offered evidence tending to show that the plaintiff, North Carolina Agricultural Credit Corporation, secured a charter about 4 November, 1923, which was accepted by the stockholders on 7 November, 1923. On 5 November, 1923, the corporation was organized and the defendant John H. Boushall was elected president of the corporation. A resolution was passed by the incorporators or stockholders declaring that the corporation should begin business when $100,000 of capital stock had been subscribed for. The defendant Boushall, at the time of the organization of said corporation, was trust officer for the Raleigh Savings Bank and Trust Company, and continued to occupy that position. The resolution of 5 November, 1923, directed the secretary-treasurer of the corporation to open books for subscription to the capital stock, and further, that when $100,000 of the capital stock had been subscribed for, the president should call a meeting for the purpose of electing additional directors, as provided by the by-laws of the corporation.

The evidence further tended to show that on 15 January, 1924, $100,000 in stock had been sold, and the corporation began business on that date. The defendant John H. Boushall alleged, and offered evidence tending to show, that from that date until March, 1925, he managed the corporation, prepared proper forms for loans made to farmers and for liens securing said loans, and passed upon said loans, and otherwise supervised and directed the affairs of the corporation.

The evidence showed that no provision was made by the corporation for a salary or compensation for the president, or for any other officer of the corporation, and the defendant alleges that the reasonable value of his services during said period of time was in excess of $12,000, which he sets up as an offset and counterclaim against the note sued on.

The issues and answers of the jury thereto were as follows:

1. In what amount, if any, are the defendants indebted to the plaintiff on the note described in the complaint? Answer: $6,000 and interest on same from 3 March, 1924.

2. In what amount, if any, is plaintiff indebted to defendant John H. Boushall? Answer: $6,000.

The judgment of the court decreed that the plaintiff take nothing by the action, and from this judgment the plaintiff appealed, assigning errors.

*Cale K. Burgess and W. T. Joyner for plaintiff.*
*J. C. Little for defendants.*

BROGDEN, J.  Under what circumstances may an officer of a corporation recover compensation for services in the absence of an express contract?

In *Caho v. R. R.,* 147 N. C., p. 20, *Connor, J.,* said: "In the absence of an express promise, made prior to the performance of the service, an officer of a corporation cannot maintain an action for compensation that he cannot sue upon a *quantum meruit*." "An officer has no right to compensation for services except by express agreement preceding the services rendered." "An agreement by the board of directors to pay an officer or director for past services, where there was no prior agreement to that effect, is without consideration, and is not binding on the corporation.  But where there was a prior agreement for compensation, a vote of the directors, after the services were rendered, to pay for the same is valid and binding."

The next case in this State dealing with the question is *Chiles v. Mfg. Co.,* 167 N. C., 574.  *Hoke, J.,* writing the opinion, quoting from *Taussig v. R. R.,* 166 Mo., p. 28, said: "The rule applicable to such a case, to be deduced from the modern and best considered cases, is, we think, that a party, although a director or other officer of a corporation, may recover the reasonable value of necessary services rendered to a corporation, entirely outside of the line and scope of his duties as such director or officer, performed at the instance of its officers, whose powers are of a general character, upon an implied promise to pay for such services, when they were rendered under such circumstances as to raise a fair presumption that the parties intended and understood they were to be paid for, or ought to have so intended and understood."

In *Borden v. Goldsboro,* 173 N. C., 661, involving a claim against a municipality for services, *Brown, J.,* said: "Officers of a municipal corporation are deemed to have accepted their office with knowledge of and with reference to the provisions of the charter or incorporating statute relating to the services which they may be called upon to render and the compensation provided therefor.  Aside from these, or some proper by-law, there is no implied *assumpsit* on the part of the corporation with respect to the services of its officers.  In the absence of express contract, these determine and regulate the right of recovery, and the amount.  This rule has been applied to officers of private corporations. *Caho v. R. R.,* 147 N. C., 20; *Chiles v. Mfg. Co.,* 167 N. C., 574."

It will therefore be observed, in passing, that the *Borden case* declares the law to be that the rule applicable to compensation to be paid by a municipality is the same as the rule governing the payment of compensation to officers of private corporations.

In *Fountain v. Pitt,* 171 N. C., 113, *Walker, J.,* states the law thus: "When there is an express contract, the party will recover according to

its terms, and where there is a request for services, he may recover, as upon a *quantum meruit,* for their reasonable value, if they are rendered. Where there is no such contract or request, the general rule is that the corporation is not liable" (citing the *Caho* and *Chiles cases, supra*).

The foregoing general principles of law are supported and reiterated in a host of authorities. Thompson on Corporations, 2 ed., vol. 2, secs. 1736-1740-1741; Ann. Cas., 1915 A, p. 451, in which may be found the authorities in practically every state in the Union. L. R. A., 1917 F, 314-331, containing an exhaustive annotation of authorities upon every phase of the subject.

Two general principles emerge from authoritative decisions upon the subject, to wit:  (1) That an officer of a corporation cannot recover for services rendered in the course and scope of his official duties, unless there has been an express contract authorizing compensation prior to the rendition of the services.  (2) That an officer of a corporation may recover under certain circumstances the reasonable value of necessary services rendered entirely outside of the line and scope of his duties as such officer.

Now, the question immediately arises as to what are the essentials which create liability upon an implied contract.  In *Fountain v. Pitt, supra, Justice Walker* called attention to the fact that the *Chiles case, supra,* contained "a limitation of the general rule, as laid down in *Taussig v. R. R., supra."*  In the *Taussig case* it appears that the plaintiff was an attorney, and upon the organization of the corporation, became secretary and treasurer thereof, and an action was brought by him against the defendant to recover for professional services rendered the corporation.  At the conclusion of plaintiff's evidence there was judgment of nonsuit.  The Court says:  "It clearly appeared from the evidence that the services were rendered; that they were professional services; that they were of the value charged therefor; that they were performed at the instance of the general manager and directors, and the benefits thereof accepted by the corporation; and from the record, that a recovery was denied him on the ground that his employment was not evidenced by any formal recorded action of the board of directors fixing compensation for such services."

The general principle governing the right of an officer of a corporation to recover upon an implied contract for services is thus stated in L. R. A., 1917 F., p. 331:  "To recover upon a *quantum meruit* for services rendered wholly outside the scope of his official duties, a director or officer must show, in addition to the fact that the services were extraordinary, that they were rendered under circumstances from which a promise to pay compensation may properly be implied.  To raise such implication it is fairly well agreed that the circumstances must show an under-

standing on the part of the corporation at the time the services were being rendered that they were to be paid for, and also an understanding on the part of the person rendering such services that he was to be compensated therefor. A consideration of the cases leads to the belief that the failure of either party to have such understanding and expectation will prevent recovery upon implied contract."

However, practically all of the authorities agree that an officer of a corporation cannot recover for services rendered in the line of his official duties, in the absence of an express contract to pay for the services so rendered.

Applying the rules of law to the present case, it appears that the defendant was asked the following question: (Q.) What, in your opinion, would be a reasonable salary for you as president of that corporation? (A.) For supervising the work properly, I think that $300 per month would be the minimum. Plaintiff objected to the question and answer, and moved to strike out the answer. The evidence was allowed, and the plaintiff excepted. The trial judge, in his charge to the jury, in stating the contentions of the parties, called attention to this evidence, stating that Boushall contended "that $300 as president was a reasonable fee." This evidence was incompetent, and the plaintiff's exception thereto is sustained.

In the latter part of the charge the jury was instructed: "If the defendant Boushall rendered services to said corporation not germane to his position as officer of same, nor incident to his duties as such officer, the benefits of which, if any, were accepted and received by said corporation, the company knowing that he, Boushall, intended to charge for the same, if said company or its managing officer made no objection to same, and found his services valuable and accepted same, and further find that he never made any statement that he expected to make no charge for same, that he acted honestly and fairly in discharging his duties, the jury have a right to award him such sum as they find from the evidence was the reasonable value of such services as he rendered to said corporation."

It appears, therefore, that the trial judge, in substance, charged the jury that the defendant could recover upon his counterclaim for services rendered, not germane or incident to his office as president, and thus the evidence as to the right to recover $300 per month for services as president was left in the case, and not expressly withdrawn from consideration by the jury.

There are other serious exceptions in the record, but, as we are of the opinion that a new trial should be awarded for the reason given, we deem it inadvisable to discuss them.

New trial.