STATE v. PEARL MITCHELL.

(Filed 25 May, 1927.)

**1. Homicide—Murder—Evidence—Res Gestæ—Premeditation.**

Where the evidence on the trial for a homicide tends to show that the prisoner broke into a store with the intent to commit larceny, and being confronted by two men guarding the store, fatally shot one and seriously injured the other, on a trial for murder of the first, evidence is competent as to the shooting and injuring of the other as a part of the *res gestæ*, and also upon the element of premeditation necessary to convict of murder in the first degree.

**2. Instructions—Weight and Credibility of Evidence—Contentions—Appeal and Error—Harmless Error.**

A recitation of the contentions of the State upon the trial for murder that the testimony of a witness corroborated the testimony of another witness is not held for reversible error, under the facts of this case, as an expression of opinion of the trial judge upon the weight and credibility of the evidence. C. S., 564.

APPEAL by prisoner from *Harris, J.,* at January Term, 1927, of CHATHAM.

Criminal prosecution, tried upon an indictment charging the prisoner with a capital felony, to wit, murder in the first degree.

Verdict: Guilty of murder in the first degree (as shown by return to writ of *certiorari*).

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*W. P. Horton for the prisoner.*

STACY, C. J. The evidence on behalf of the State—none seems to have been offered by the prisoner—is to the effect that on the night of 15 January, 1927, the prisoner, Pearl Mitchell, a colored man, burglariously entered the storehouse of Vance Cheek at Ore Hill, in Chatham County, with intent to steal the goods and chattels of another then being in said storehouse, murdered W. L. Fogleman while attempting to perpetrate said robbery by shooting him in the head with a pistol, the bullet taking effect just under the right eye, engaged in a fight with Allen Cheek, 19-year-old son of Vance Cheek, who, with the deceased, was there watching the store for robbers, successfully made his escape after breaking away from young Cheek, and was arrested at his uncle's home the following night.

The prisoner objected to any evidence tending to show the fight which ensued between him and young Cheek immediately following the homicide, on the ground that such evidence was irrelevant and incompetent in the present trial, being, as it is, for the murder of Fogleman. But the fight with Cheek and the homicide of Fogleman were but parts of the same encounter. Indeed, the prisoner was fighting with both, and he shot both. The first shot proved to be fatal, while the second did not. The evidence was competent, not only as a part of the *res gestæ,* but also as tending to show premeditation on the part of the prisoner. *S. v. Westmoreland,* 181 N. C., 590; *S. v. Robertson,* 166 N. C., 356.

The prisoner complains at certain expressions used by the judge in recapitulating the evidence to the jury, as follows:

"Mr. Hanna said that Mr. Cheek came to his house after the trouble and told him about it, and he corroborated Mr. Cheek's statement. . . . Then Mr. Cheek's father testified. He told you that he had his store guarded; that he had his son guarding the store for him, and he corroborates Allen Cheek in his statement as to what occurred in the store, saying that his boy had told him how it all had happened, and he corroborated Allen Cheek's testimony on the stand. . . . Lacy Heritage was

the next witness, and he corroborates Cheek. . . . Then Mrs. Holliday was the next witness on the stand. She corroborates Allen Cheek in his statement, and said that his face was bloody and his hands had blood on them."

It is the contention of the prisoner that these expressions are violative of C. S., 564, which provides: "No judge, in giving a charge to the petit jury, either in a civil or a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon."

Under numerous decisions dealing directly with the subject, this statute has been interpreted to mean that no judge, in giving a charge to the jury or at any time during the trial, shall intimate whether a fact is fully or sufficiently proved, it being the true office and province of the jury to weigh the testimony and to decide upon its adequacy to establish any issuable fact. S. v. Kline, 190 N. C., 177; S. v. Hart, 186 N. C., 582; Speed v. Perry, 167 N. C., 122.

Here the judge used a short-hand method, as it were, in stating the evidence of some of the witnesses, by saying, in effect, that "they corroborated Allen Cheek in his statement of what transpired in the store." It clearly appears, we think, that no possible harm has come to the prisoner from the judge's method of expression; hence, we cannot hold it for reversible error on the present record. There was no denial of Allen Cheek's testimony, and the witnesses mentioned did in fact corroborate his statement of what transpired in the store.

The remaining exceptions call for no elaboration. They present no new question of law, or one not heretofore settled by our decisions. After giving to each of them the consideration which the importance of the case demands, we conclude that they are without merit, and cannot be sustained.

The verdict and judgment will be upheld.

No error.