ARTHUR SMITH v. THE STANFIELD HOSIERY MILL, INC.

(Filed 15 December, 1937.)

**Trial § 33—Statement of contentions not based upon evidence introduced at the trial constitutes reversible error.**

Where the court, in stating the contentions of a party, states a contention not supported by proper allegation of the complaint, and a contention based upon evidence excluded by the court, an exception thereto must be sustained, since it places before the jury evidence and contentions which appellant has had no opportunity to controvert, and such error is not a correctible inadvertence, since to have called the matter to the court's attention would have emphasized the error.

APPEAL by defendant from *Warlick, J.,* at February Term, 1937, of STANLY.

Civil action to restrain nuisance, later converted into an action to recover permanent damages.

In the operation of defendant's hosiery mill, dyestuffs are emptied from its vats into Rock Hole Creek, which flows through plaintiff's lands two miles from defendant's mill. The case is not unlike *Nance v. Fertilizer Co.,* 200 N. C., 702, 158 S. E., 486.

Over objection, plaintiff was allowed to testify that his cows gave less milk "since the dyestuffs were emptied into the creek than they did before that time." The court admitted the evidence with the statement that he would strike it out unless later made competent.

In charging the jury, the court stated: The plaintiff alleges that the waters became contaminated; "that they (the dyestuffs) were deleterious and poisonous," etc. (Exception.) And further: Plaintiff contends that the cows were forced from necessity to drink the water; that it affected their milk, their milk-giving qualities; and "that the calves were born with something wrong with them, that they were unable to stand or walk and born blind." (Exception.)

The jury answered the controverted issues in favor of the plaintiff and assessed the damages at $350.00. From judgment thereon the defendant appeals, assigning errors.

*O. J. Sikes, G. H. Morton, and Hartsell & Hartsell for plaintiff, appellee.*

*Brown & Brown and R. L. Smith & Sons for defendant, appellant.*

STACY, C. J. We need not pause to inquire whether error was committed in the admission of evidence, which the court stated would be stricken out unless its competency later appeared, for, upon the record

as presented it would seem that the summation of the complaint, "the dyestuffs were deleterious and poisonous," when no such allegation appears therein, and the recitation of the contention, "the calves were born with something wrong with them, they were unable to stand or walk and born blind," when there was no evidence to support such a contention, brings the case within the principle announced in *S. v. Love,* 187 N. C., 32, 121 S. E., 20, to the effect that where, by the action of the court, evidence material to the issue, which has been excluded, is placed before the jury, without opportunity to answer it or in any way to meet it, necessitates a new trial.

Evidence relative to the condition of the young calves was heard by the judge in the absence of the jury, and excluded as being incompetent, so we were told on the argument, yet in delivering his charge to the jury, the judge gives this excluded evidence as the basis of one of plaintiff's contentions. The testimony undoubtedly found lodgement in the court's mind, and to have called the matter to his attention, as a correctible inadvertence, would only have served to emphasize the error. *Bank v. McArthur,* 168 N. C., 48, 84 S. E., 39; *Medlin v. Board of Education,* 167 N. C., 239, 83 S. E., 483; *Speed v. Perry, ibid.,* 122, 83 S. E., 176; *S. v. Whaley,* 191 N. C., 387, 132 S. E., 6; *S. v. Cook,* 162 N. C., 586, 77 S. E., 759; *S. v. Dick,* 60 N. C., 440. Where the judge himself fails to disregard incompetent evidence, or to eradicate it from his own mind, it would seem to be asking rather much to require a higher standard of the jury. Its harmful effect is obvious. *Credit Corp. v. Boushall,* 193 N. C., 605, 137 S. E., 721; *Morton v. Water Co.,* 169 N. C., 468, 86 S. E., 294.

For the error, as indicated, the defendant is entitled to another hearing. It is so ordered.

New trial.