STATE v. CARL WYONT.

(Filed 20 November, 1940.)

**1. Rape § 1—**

Evidence that the prosecutrix at the time alleged was an innocent, virtuous woman, under sixteen years of age, and that the defendant is the father of her illegitimate child, which was born shortly after she arrived at the age of sixteen, *is held* sufficient to be submitted to the jury in a prosecution under C. S., 4209.

**2. Same: Criminal Law § 53e—Charge that evidence relating to essential element of crime should satisfy the jury beyond a reasonable doubt, interjected in stating defendant's contentions, held for error as expression of opinion.**

In this prosecution under C. S., 4209, the court, in summarizing the contentions of defendant, charged that defendant insisted that the jury should not find beyond a reasonable doubt that the prosecutrix was under sixteen years of age, "whereas the Biblical records and the testimony of her father and mother should satisfy you beyond a reasonable doubt that she is under sixteen years of age." *Held:* The instruction constitutes an expression of opinion on an essential element of the crime charged, prohibited by C. S., 564, and the error is not mitigated by construing the charge as a whole, nor may it be upheld as charging that the jury should find that the prosecutrix was under sixteen years of age if they believed the uncontradicted testimony.

**3. Criminal Law § 53g—**

A statement of contentions, based on evidence which had not been introduced and concerning which defendant had no opportunity to cross-examine the witnesses, will be held for error notwithstanding the absence of objection at the time.

APPEAL by defendant from *Sink, J.,* at June Criminal Term, 1940, of GASTON.   New trial.

Criminal prosecution upon bill of indictment under C. S., 4209, Vol. III.

The evidence offered by the State tended to show that the prosecutrix, at the time alleged, was an innocent, virtuous woman under 16 years of age and that the defendant is the father of her illegitimate child, which was born shortly after she arrived at the age of 16.

There was a verdict of guilty. From judgment pronounced thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Ernest R. Warren for defendant, appellant.*

BARNHILL, J. There is no merit in the defendant's exception to the refusal of the court to dismiss the prosecution as of nonsuit. The evidence was sufficient to be submitted to a jury.

The court below in its charge, in summarizing the contentions of the defendant, said in part: "He challenges the question of her age and insists that you should not find beyond a reasonable doubt that she is under 16 years of age; that on the contrary that she is over that; (whereas the Biblical records and the testimony of her mother and father should satisfy you beyond a reasonable doubt that she is under 16 years of age); he insists that she is over 16." The clause in parentheses is the subject matter of one of defendant's exceptive assignments of error. This exception must be sustained.

The statement of the court to which exception is entered constitutes an inadvertent but unequivocal expression of opinion by the court that an essential element of the crime charged had been fully and sufficiently proven. This is in clear violation of the terms of C. S., 564. *S. v. Hart,* 186 N. C., 582, 120 S. E., 345; *S. v. Kline,* 190 N. C., 177, 129 S. E., 417; *S. v. Mitchell,* 193 N. C., 796, 138 S. E., 166; *Carruthers v. R. R.,* 215 N. C., 675, 2 S. E. (2d), 878. The charge, when considered as a whole, fails to mitigate this error. Nor can it be considered, as contended by the State, as an instruction upon uncontradicted testimony that if the jury finds the facts to be as the testimony tends to show it should find that prosecutrix was under sixteen at the time alleged.

But the State insists that this clause, when considered contextually, constitutes nothing more than a statement of a contention by the State. Even so, it is prejudicial. The record fails to disclose that any birth record entered in a family Bible was identified and offered in evidence. Thus the charge, in part, is based on evidence which had not been introduced and concerning which the defendant was afforded no opportunity to cross-examine the witnesses. By this action of the court evidence material to the issue was placed before the jury without opportunity

to answer it or in any way to meet it. This constitutes prejudicial error. *S. v. Love,* 187 N. C., 32, 121 S. E., 20; *Smith v. Hosiery Mill,* 212 N. C., 661, 194 S. E., 83.

Speaking to the subject in the *Love case, supra,* the Court said: "True, this feature of the charge was prefaced by the statement that it is the contention of the State, and we have numerous decisions to the effect, that if the court, in stating the contentions, commit an error, it is too late to except to it after verdict—but while the deduction from the facts was given as a contention of the State, the putting of the fact before the jury as sworn testimony where it had been excluded was the act of the judge and of a highly prejudicial kind and none of the decisions referred to go to the extent of disallowing an exception under such circumstances. Suppose the counsel for the prisoner had excepted and on discussion the judge had withdrawn the evidence referred to, this would only have served to emphasize the error and strengthen the lodgment it had necessarily made on the minds of the jury. Like an expression of an opinion by the court on the merits of the case, the harmful impression could not well be effaced and in our opinion should not be taken as waived because not presently excepted to. See *S. v. Cook,* 162 N. C., 586, and cases cited."

In justice to the court below it is well to note that the appeal is presented on an agreed case on appeal. The trial judge has had no opportunity to review it. However, we are not permitted to indulge in assumptions as to what might have occurred, but are bound by and must decide the questions presented upon the record as it comes here.

The indicated error in the charge entitles the defendant to a

New trial.