LINCOLN HOWELL v. LYLES HARRIS and QUEEN CITY COACH COMPANY.

(Filed 15 October, 1941.)

**1. Principal and Agent § 7—**

This action was instituted for alleged assault and battery committed by the individual defendant while acting in his capacity of ticket agent for defendant carrier.  *Held:* Testimony as to what the individual defendant swore to in narrating the occurrence in a previous prosecution for assault is hearsay and is incompetent against the corporate defendant as substantive evidence to prove the fact of agency, the scope of authority, or that the alleged agent was acting for his principal at the time.

**2. Trial § 29b—**

The trial court correctly withdrew hearsay evidence upon the question of agency, but inadvertently charged the jury that plaintiff contended that such evidence should satisfy the jury that the alleged agent was about the corporate defendant's business.  *Held:* The action of the court in placing before the jury evidence material to the issue, which had been excluded, without opportunity on the part of the corporate defendant to answer it or in any way meet it, necessitates a new trial.

**3. Evidence § 29—**

In a civil action for assault and battery against the wrongdoer and his alleged principal, testimony as to what the individual defendant swore to in narrating the occurrence upon a previous prosecution against him for assault is competent against him individually.

APPEAL by defendants from *Phillips, J.,* at April-May Term, 1941, of WILKES.

Civil action to recover damages for assault and battery.

The record discloses that the corporate defendant is a common carrier by motor vehicle; that on 4 October, 1940, the plaintiff, intending and desiring to become a passenger on one of defendant's buses, went to its station in Blowing Rock at the Hob Nob Inn and asked the agent in charge, Lyles Harris, for a ticket to North Wilkesboro; that instead of complying with this request, the said Lyles Harris assaulted the plaintiff and ran him out of the station with the statement: "Tell all the other damn Negroes you see that I have the same thing for them."

The defendant, Lyles Harris, was tried in the Mayor's Court that afternoon on a warrant charging him with an assault upon Lincoln Howell. Over objection, the mayor was permitted to testify that the defendant, Lyles Harris, swore in his court "that the trouble came about due to the fact that Lincoln Howell came in and asked for a ticket in a commanding or impudent voice, rather arrogant way," etc.

The Chief of Police testified, over objection, that he heard the defendant's testimony in the Mayor's Court: "He said this colored boy came in and had his hat on and asked for the ticket in an unbecoming manner or something like that is the way he said it and he asked him to go out and he didn't go and he pushed him and he caught his foot under a rug and fell against a bench that was in the bus station."

The foregoing evidence in respect of what the defendant, Lyles Harris, swore in the Mayor's Court was later excluded as to the bus company.

In giving the plaintiff's contentions, the court said: "The plaintiff further insists and contends, gentlemen of the jury, that statements of the defendant under oath in the Mayor's Court would indicate and should satisfy you that he was about his master's business." Exception.

From verdict and judgment against both defendants awarding plaintiff compensatory and punitive damages, the defendants appeal, assigning errors.

*Burke & Burke and A. H. Casey for plaintiff, appellee.*
*John R. Jones and Trivette & Houshouser for defendants, appellants.*

STACY, C. J. The evidence offered by the plaintiff tending to show what the agent of the Bus Company testified in the Mayor's Court was properly excluded as against the corporate defendant. *Hester v. Motor Lines,* 219 N. C., 743. What an agent or employee says after an event, merely narrative of the past occurrence, though his agency or employment may continue as to other matters, or generally, is only hearsay and is not competent as substantive evidence against the principal or em-

ployer. *Hubbard v. R. R.,* 203 N. C., 675, 166 S. E., 802, and cases there cited. Nor is such evidence competent to prove the fact of agency or the scope of the agent's authority or that the alleged agent was acting for his principal or employer at the time. *Parrish v. Mfg. Co.,* 211 N. C., 7, 188 S. E., 817.

It appears, however, that when the court came to charge the jury, this evidence was inadvertently recited as tending to show that the agent was then about his master's business. The evidence had previously been excluded as incompetent for this purpose and it was error thus to recite it in the charge. It has been said in a number of cases that where, by action of the court, evidence material to the issue, which has been excluded, is placed before the jury, without opportunity to answer it or in any way to meet it, necessitates a new trial. *S. v. Wyont,* 218 N. C., 505, 11 S. E. (2d), 473; *Smith v. Hosiery Mill,* 212 N. C., 661, 194 S. E., 83; *S. v. Love,* 187 N. C., 32, 121 S. E., 20.

No error has been discovered in the trial so far as the individual defendant is concerned.

Opposite conclusions, therefore, result in respect of the two appellants:

On appeal of Lyles Harris,

No error.

On appeal of Queen City Coach Company,

New trial.