BESSIE CUMMINGS v. QUEEN CITY COACH COMPANY.

(Filed 10 December, 1941.)

**Trial § 29b—Charge held for prejudicial error in referring to evidence which had not been introduced upon the trial.**

Plaintiff did not introduce in evidence any bill for hospital expenses nor any evidence that she had received any such bill, or had paid or is obligated to pay a bill for hospital expenses in any specific amount. The court charged the jury that plaintiff offered evidence that she had received a bill for doctors and medical services in the sum of $118.00 and that she contended that she had had to pay such bill. *Held:* The charge of the court referring to matters which had not been introduced in evidence and concerning which defendant was afforded no opportunity to cross-examine witnesses, must be held for prejudicial error.

APPEAL by defendant from *Phillips, J.,* at May Term, 1941, of RICHMOND.

This is an action for personal injury and property damage alleged to have resulted from a collision between the plaintiff's automobile and the defendant's bus caused by the negligence of the defendant. The issues of negligence and damage were answered in favor of the plaintiff, and from judgment predicated on the verdict the defendant appealed, assigning errors.

*A. A. Reaves and Jones & Jones for plaintiff, appellee.*
*Oates, Quillin & McRae and Fred W. Bynum for defendant, appellant.*

SCHENCK, J. We think, and so hold, that the demurrer to the evidence, C. S., 567, was properly overruled.

The court charged the jury that "the plaintiff further offered evidence which tends to show . . . that as a result of such injuries she was forced to go to the hospital in Wadesboro and stay there approximately twenty-four hours and then stayed in the Hamlet hospital for seven days and that she has received a bill for doctors and medical services in the sum of $118.00 for treatment of her injuries." And later the court in its charge said: "The plaintiff insists and contends . . . that she has been forced to stay in institutions, hospitals, and received medical care to the extent that she had a bill for $118.00 for hospital treatment and medical treatment and nursing."

Both of these excerpts from the charge are made the bases for exceptive assignments of error and we are constrained to sustain such assignments, since it nowhere appears in the record that any hospital bill was introduced in evidence, or that the plaintiff ever received a bill for $118.00 for hospital and medical services, or for any other amount. The

most that the record tends to show is that the hospital sent out a bill, in an unnamed amount, there being no evidence that the plaintiff ever received such a bill, or ever paid such a bill, or is in anywise obligated to pay such a bill.

The only reference in the evidence, remotely or otherwise, to a hospital bill appears on page 46 of the record, in the cross-examination of the defendant's witness, Dr. W. D. James, as follows:

"Q. I ask you if you recognize that (handing paper to witness) as being the bill sent out by your hospital? A. Yes, sir, that is our paper; I never saw it before it went out. I don't know a thing about the bill being sent out; I didn't give orders for it to be sent out but it is the routine."

This is neither evidence of a bill for $118.00, nor is it evidence that the plaintiff received any bill, or paid or is obligated to pay a bill for any specific amount.

*Barnhill, J.,* in *S. v. Wyont,* 218 N. C., 505, 11 S. E. (2d), 473, where the court in its charge referred to the "Biblical records" as tending to establish the age of the prosecutrix, writes: "But the State insists that this clause, when considered contextually, constitutes nothing more than a statement of a contention by the State. Even so, it is prejudicial. The record fails to disclose that any birth record entered in a family Bible was identified and offered in evidence. Thus the charge, in part, is based on evidence which had not been introduced and concerning which the defendant was afforded no opportunity to cross-examine the witnesses. By this action of the court evidence material to the issue was placed before the jury without opportunity to answer it or in any way to meet it. This constitutes prejudicial error. *S. v. Love,* 187 N. C., 32, 121 S. E., 20; *Smith v. Hosiery Mill,* 212 N. C., 661, 194 S. E., 83." See, also, *Howell v. Harris, ante,* 198, 16 S. E. (2d), 829.

For the error assigned there must be a

New trial.