J. B. CURLEE v. W. S. SCALES.

(Filed 12 January, 1944.)

**1. Appeal and Error §§ 24, 29—**

On appeal an argument unsupported by exception and an exception, without argument or citation of authority, present no questions for the Court's decision.

**2. Pleadings §§ 16a, 21—**

In an action to renew a judgment, where an amendment to the complaint is allowed and made without objection, alleging an error, by inadvertence and mistake, in the face of the judgment as to its date and asking that the judgment be amended to speak the truth, such amendment constitutes an additional cause of action, and there is no demurrable misjoinder of causes.

**3. Trial § 19—**

It is the prerogative of the court to supervise and control the introduction of testimony, and when a question arises as to whether evidence was offered and admitted, it is the duty of the judge to decide.

**4. Trial § 30—**

Where the court in its charge submits to the jury for their consideration facts material to the issue, which were no part of the evidence offered, there is prejudicial error.

APPEAL by defendant from *Phillips, J.,* at September Term, 1943, of FORSYTH. New trial.

Civil action to renew judgment, instituted 2 November, 1942.

In an action *ex delicto* instituted in the Forsyth County Court, compromise judgment in the sum of $100.00 was entered in favor of plaintiff and against defendant. This judgment recites "This cause coming on to be heard . . . at the April 10, 1932, Term of Forsyth County Court . . ." It was recorded in the Minute Docket as written and docketed on the Judgment Docket. Thereafter, the "2" in "1932" as it appeared on the Judgment Docket was erased and "3" was inserted in lieu thereof so as to make it recite that it was entered in April, 1933.

In his complaint herein plaintiff alleges that the judgment was rendered April 10, 1933. At the trial, by permission of the court, he amended his complaint by adding an allegation as follows:

"That the figures '1932' appearing in the face of the judgment were by inadvertence and mistake, and should have been '1933'; wherefore, the plaintiff prays that the judgment be amended to speak the truth."

Defendant did not except to the order allowing the amendment. Instead he answered, pleading the ten-year statute of limitations. He then demurred *ore tenus* "for that the original action was instituted for the purpose of reviving a judgment, and the amendment to the complaint set up a new and independent cause of action based upon reforming a judgment, and for that there is a misjoinder of causes of action." The demurrer was overruled and defendant excepted.

During the trial plaintiff offered in evidence "Civil Minute Docket of the Forsyth County Court, No. 53, page 590, as follows: (Here the original judgment is copied as originally rendered, reciting it was entered at the April 10 Term, 1932.)"

He also offered "on page 591, the signature of 'Oscar O. Efird.' Judge Presiding."

There was evidence (to some of which exception was duly entered) tending to show that the original judgment was rendered in April, 1933.

At the conclusion of the evidence issues were submitted to and answered by the jury as follows:

"1. Was the date 'April 10, 1932,' as appears in a certain judgment entitled 'J. B. Curlee *v.* W. S. Scales,' recorded in Minute Docket No. 53, at page 590, in the records of the Office of the Clerk of the Superior Court of Forsyth County, an error; and should the correct date be 'April 10, 1933,' as alleged by the plaintiff? Answer: 'Yes.'

"2. Is the plaintiff's alleged cause of action barred by the ten-year statute of limitations, as alleged by the defendant? Answer: 'No.' "

From judgment on the verdict defendant appealed.

*Fred S. Hutchins and H. Bryce Parker for plaintiff, appellee.*
*W. Avery Jones for defendant, appellant.*

BARNHILL, J. The questions primarily stressed on the argument here do not arise on this record.

There was no exception to the order of the court permitting an amendment of the complaint. Hence, the authority of the court to permit an amendment setting up a new cause of action after the action on the judgment as entered is clearly barred by the statute of limitations is not challenged.

The defendant brings forward his exception to the order overruling the demurrer, but under this exception he discusses the authority of the court to allow the amendment. Thus, we have an argument unsupported by exception and an exception without argument or citation of authority. No question for decision is presented. In any event there is no misjoinder of causes of action. The exception, as it appears in the record, cannot be sustained.

Nor do we now decide the merit of defendant's plea of the statute of limitations. The exception to the ruling of the court in denying the motion to nonsuit entered at the conclusion of all the evidence is not brought forward either in the assignments of error or in the brief. Supreme Court Rules of Practice 19 (3), 21 and 28, Annotated in 221 N. C., 544, *et seq.*

In its charge the court instructed the jury in part as follows:

"As the Court has stated to you heretofore, the Minute Docket No. 53, at page 590, is headed at the top of the page, 'Thursday, April 13, 1933.' Page 591 is 'Thursday, April 13, 1933.' Page 589 is dated 'Thursday, April 13, 1933.' 588 is 'Thursday, April 13, 1933,' and on back through 587, 'Wednesday, April 12, 1933.' 586 is 'Wednesday, April 12, 1933.' And 585, 'Wednesday, April 12, 1933.' "

Counsel for the defendant called the court's attention to the fact that the additional pages of the Minute Docket referred to were not offered in evidence and excepted. The following then appears in the record:

"THE COURT: If the Court is in error, the Court will correct it. The Court understood the whole book was introduced and particularly was attention called to page 590.

"MR. PARRISH: That is what I intended to .do, whether the record shows that or not. I introduced it and called the Court's attention to a particular page.

"That is the recollection of the Court, gentlemen. If that is not the case, you will not consider anything but Page 590. If only Page 590 was introduced, you will not consider, and will strike from your minds, anything the Court has said about anything appearing on the other pages in the record. You will remember what the evidence is on that point. You will take your recollection and not that of the Court."

The court charged further as follows:

"The plaintiff further insists and contends that the notation on the Civil Judgment Docket No. 62, at page 184, refers to Minute Docket 52, at page 590, for the recording of this judgment, even though there might be a '2' scratched out and a '3' put over it; that you should find that the handwriting of 'April 10, 1933,' is all in the same handwriting, and that if there was an erasure, it was done by the Clerk at the time he made it; that the Clerk evidently made the notation from the face of the judgment, and then he found later or at that time that the judgment was wrong on its face, and he changed it to the right date, because the Minute Docket showed that the judgment was rendered on Thursday, April 13, 1933, instead of 1932, and that the Clerk, or whoever did it in his office, did it at the time he made this notation; that it wasn't changed later. The plaintiff insists and contends that both show old writing and the same handwriting in the two figures in the '19' and the two figures in the '33.' "

The record fails to disclose that the pages of the Minute Docket to which the court referred, other than pages 590 and 591, were in evidence. Nor was there any testimony tending to show at what time, by whom, or in whose handwriting the alteration on the Minute Docket was made.

Thus it appears that the court in its charge submitted to the jury for their consideration facts material to the issue which were no part of the evidence offered. This constitutes prejudicial error. S. v. Love, 187 N. C., 32, 121 S. E., 20; Smith v. Hosiery Mill, 212 N. C., 661, 194 S. E., 83; S. v. Wyont, 218 N. C., 505, 11 S. E. (2d), 473.

The further charge of the court leaving it to the jury to decide whether the whole Judgment Docket was tendered and admitted does not render the error harmless.

While the court in its charge reviews the testimony, the recollection of the jury is controlling and is to guide them in arriving at their verdict. This rule, however, applies only to testimony admitted in evidence and submitted to the jury for their consideration.

On the other hand, it is the prerogative of the court to supervise and control the introduction of testimony, and when a question arises as to whether evidence was offered and admitted it is the duty of the judge to decide. Then in his charge he must confine his review of the testimony to "the evidence given in the case."

Here material facts were called to the attention of the jury, supported by the statement of the court, as well as of counsel, that it was under the impression that they were introduced in evidence. They were not withdrawn but were to be rejected and not considered only in the event the jury did not so recall. This was not a statement *"in a plain and correct manner"* of *"the evidence given in the case."* C. S., 564. In this state of the record it is impossible to say to what extent, if any, they influenced the verdict.

As the cause of action to reform or amend the judgment is joined with another cause of action in which other and additional relief is sought, we cannot adopt the suggestion of plaintiff that the motion to amend be treated as a motion in the original cause. It was not so dealt with in the court below. Instead, it was treated as a first cause of action stated in the complaint, and an issue based thereon was submitted to the jury.

As the questions presented by the exceptions to the exclusion of testimony may not again arise, we refrain from any discussion thereof.

The indicated errors in the charge entitle the defendant to a new trial. It is so ordered.

New trial.