T. F. DARDEN, ADMINISTRATOR OF W. R. DARDEN, DECEASED, v. BEECHER LEEMASTER.

(Filed 11 November, 1953.)

1. **Automobiles § 18i: Trial § 31b—Instruction submitting material fact not alleged and shown in evidence is reversible error.**

Where, in an action involving an accident at an intersection, plaintiff alleges, *inter alia*, that defendant was driving while under the influence of intoxicating liquor and introduces supporting evidence thereof, but there is neither allegation nor evidence that plaintiff's intestate was driving while under the influence of intoxicating liquor, an instruction to the effect that the allegations of contributory negligence made by defendant were in all respects the same as those made against defendant by plaintiff, and that defendant contended intestate was guilty of contributory negligence in the manner and fashion alleged by defendant, must be held for prejudicial error as submitting to the jury a fact not supported by allegation and evidence.

2. **Negligence § 16—**

Defendant must allege the facts relied on by him as constituting contributory negligence, and mere allegations that the death of plaintiff's intestate was caused by his own negligence and not any negligence on the part of defendant is not a sufficient plea of contributory negligence.

APPEAL by the plaintiff from *Stevens, J.,* May Term, 1953. SAMPSON. New trial.

This is a civil action for damages for the death of plaintiff's intestate caused by the alleged actionable negligence of the defendant.

The plaintiff's evidence tended to show these facts. W. R. Darden, plaintiff's intestate, was killed instantly on 18 April 1950 in an automobile collision about 8:00 p.m. at the intersection of McKoy and Johnson Streets in Clinton. Darden, with two passengers, was driving his automobile north on McKoy Street. The defendant was driving an automobile east on Johnson Street. There were stop signs on Johnson Street

at the intersection of McKoy Street. Darden drove into this intersection on his right-hand side of the road from 25 to 30 miles an hour. Darden had entered the intersection, and was passing through it, when the automobile driven by the defendant at a speed of at least fifty miles an hour, without stopping at the intersection "dashed right in front" of the Darden automobile, and the two automobiles collided in the intersection. When the defendant was picked up at the scene, and put in an ambulance, he had the odor of liquor on his breath. One of the allegations of the complaint is that the defendant was driving his automobile under the influence of intoxicating liquor.

The defendant's evidence tended to show these facts. He was driving an automobile east on Johnson Street. When he reached near the intersection with McKoy Street, he stopped his automobile and not seeing any automobile coming on his left and right on McKoy Street, he put his automobile in gear and entered the intersection. After he had crossed the center of the intersection, the Darden automobile entered the intersection and ran into the right-hand side of the defendant's automobile. The defendant had not drunk any intoxicants that night. There is no allegation in the answer that the plaintiff's intestate was driving under the influence of intoxicating liquor. The defendant offered no evidence that plaintiff's intestate was drinking any intoxicants.

Issues of negligence, contributory negligence and damages were submitted to the jury. The jury answered the first two issues: "Yes." Judgment was signed in accord with the verdict.

The plaintiff appeals assigning error.

*D. Stephen Jones for the plaintiff, appellant.*
*Britt & Warren and Butler & Butler for defendant, appellee.*

PARKER, J. The plaintiff assigns as error No. Six this part of the court's charge to the jury: "The allegations of contributory negligence made by the defendant against the plaintiff's intestate in all respects are the same as made against the defendant by the plaintiff, except the only additional one I remember is that he was driving down the street without lights. I am not going to repeat the law as to each allegation which I have already given you. The law in regard to contributory negligence is identically the same as it was with respect to the alleged negligence of the defendant." The complaint as one of its allegations of negligence alleges that the defendant "was operating his said automobile while under the influence of intoxicating liquor." The defendant in his answer makes no such allegation as to plaintiff's intestate's driving of his automobile.

Further on in its charge the court said: "the defendant contends in this case he has offered evidence tending to prove, as the defendant contends,

that the plaintiff's intestate in this case came to his death through his own contributory negligence in the manner and fashion alleged by the defendant."

The court charged the jury "the allegations of contributory negligence made by the defendant against the plaintiff's intestate *in all respects are the same* as made against the defendant by the plaintiff, except . . . that he was driving down the street without lights," when the plaintiff had alleged in his complaint that the defendant "was operating his said automobile while under the influence of intoxicating liquor," and when the defendant in his answer had made no such allegation against plaintiff's intestate; and the recital of the contention "the defendant contends in this case he has offered evidence tending to prove . . . that the plaintiff's intestate in this case came to his death through his own contributory negligence *in the manner and fashion alleged by the defendant,*" when the defendant had offered no evidence tending to show that plaintiff's intestate had been drinking any intoxicants, brings this case within the principle announced in *S. v. Alston,* 228 N.C. 555, 46 S.E. 2d 567; *S. v. Isaac,* 225 N.C. 310, 34 S.E. 2d 410; *Curlee v. Scales,* 223 N.C. 788, 28 S.E. 2d 576; *Cummings v. Coach Co.,* 220 N.C. 521, 17 S.E. 2d 662; *S. v. Wyont,* 218 N.C. 505, 11 S.E. 2d 473; *Smith v. Hosiery Mill,* 212 N.C. 661, 194 S.E. 83; to the effect that where the court in its charge submitted to the jury for their consideration facts material to the issue, which were no part of the evidence offered, it constitutes prejudicial error. Its harmful effect is obvious. Those of us who have served on the Superior Court Bench know how intently juries watch and listen to the trial judge.

In *Smith v. Hosiery Mill, supra,* this Court held "that the summation of the complaint, 'the dyestuffs were deleterious and poisonous,' when no such allegation appears therein, and the recitation of the contention, 'the calves were born with something wrong with them, they were unable to stand or walk and born blind,' when there was no evidence to support such a contention" necessitated a new trial.

A serious question is presented as to whether the defendant has pleaded contributory negligence. Contributory negligence implies or presupposes negligence on the part of the defendant. *Scenic Stages v. Lowther,* 233 N.C. 555, 64 S.E. 2d 846. The allegation in an answer that the death of the intestate was caused by his own negligence and not by any negligence of the defendant is not a sufficient plea. *Cogdell v. R. R.,* 132 N.C. 852, 44 S.E. 618. "To be sufficient, a plea of contributory negligence must aver a state of facts to which the law attaches negligence as a conclusion." *Bruce v. Flying Service,* 234 N.C. 79, 66 S.E. 2d 312. The defendant in his answer alleges that the death of the intestate was caused solely by his own negligence and without any negligence on the part of the defendant,

and then alleges the defendant specifically pleads the contributory negligence of the intestate as a bar to plaintiff's recovery. This is the sole reference to contributory negligence in the answer. Where there is no plea of contributory negligence, the submission to the jury of an issue of contributory negligence is not proper. *Bevan v. Carter*, 210 N.C. 291, 186 S.E. 321.

As this action goes back for a New Trial the court may, and no doubt will, permit an amendment of the answer in this respect, if the defendant desires it. *Cogdell v. R. R., supra.*

The plaintiff is entitled to a New Trial, and it is so ordered.

New trial.