GLADYS TROGDEN DOVE v. LEVI CLARENCE CAIN, JR., AND
SHELBY JEAN KINLAW.

(Filed 16 June, 1966.)

**1. Automobiles § 46—**

The car in which defendants were riding struck the rear of plaintiff's automobile, which could have been seen by defendants for about a mile, while plaintiff was stopped awaiting opportunity to make a left turn into an intersecting rural road. One of defendants testified that when she saw plaintiff's car it had already stopped and that she thought defendant driver realized plaintiff's car was stopped at about the same time. *Held:* An instruction to the effect that defendants contended that plaintiff suddenly stopped in front of defendants' automobile must be held for prejudicial error as having no support in the evidence.

**2. Trial § 33—**

It is prejudicial error for the court to submit for the consideration of the jury facts material to the issue which are not supported by evidence.

MOORE, J., not sitting.

APPEAL by plaintiff from *Mallard, J.,* November Session 1965 of BLADEN.

This is a civil action to recover for personal injuries allegedly sustained in an automobile collision.

The plaintiff alleged and offered evidence tending to show that she was operating her 1962 Chevrolet automobile in a northerly di-

rection on N. C. Highway 242 on the morning of 2 February 1963; that she intended to make a left turn on rural paved highway No. 1114 at a "T" intersection of said rural highway with N. C. Highway 242; that for a distance of 600 feet before she reached the intersection she turned on her left signal to turn, and at the time the defendant's automobile was about 600 feet behind her; that she slowed down to about five miles an hour, and while she was still in her lane of travel waiting for an oncoming vehicle to pass before starting her left turn, defendants' car struck plaintiff's car in the rear, resulting in serious injuries to the plaintiff.

The plaintiff offered evidence tending to show serious injury, extensive medical expenses, and loss of wages.

The defendants in their further answer and defense alleged that plaintiff was on 2 February 1963, at the time and place aforesaid, operating her automobile in a northerly direction on said highway several hundred yards in front of the automobile of the defendant Shelby Jean Kinlaw, which was being operated by Levi Clarence Cain, Jr.; that the automobile being operated by the plaintiff suddenly and without any visible signal of any kind stopped in said highway. "* * * (T)he sudden stopping of the plaintiff's vehicle without any signal or indication thereof made a collision between said vehicles unavoidable, and the defendant's vehicle collided with the rear portion of the plaintiff's vehicle."

According to defendants' evidence, the defendants have married since 2 February 1963. The defendants allege in their answer that defendant Shelby Jean Kinlaw (now Cain) and her boy friend prior to the collision were traveling several hundred yards behind the plaintiff's car. The defendants' evidence is to the effect that it had been "raining and was still drizzling and misting"; that the male defendant was driving the car with the consent and approval of the owner. The feme defendant testified: "We were riding along and I was probably talking to Levi and he was probably talking to me. * * * I saw the Dove car there in the road and * * * the time I saw it it was stopped. I don't know how far we were from it when we first saw it. * * * I think Mr. Cain and I both realized that it was stopped at the same time. Mr. Cain mashed the brakes. * * * my car * * * went directly into the back of Mrs. Dove's car, about the rear center, * * * The first instant that I observed the Dove car it was not moving and it was stopped in the road." This witness also testified, "Highway 242 is a straight road. That before getting to the intersection, * * * it is straight for more than a mile * * * There was nothing to have prevented me from seeing the Dove automobile for a distance of more than a mile

and I could have seen it." The male defendant did not testify in the trial below.

The case was submitted to the jury on the issues of negligence, contributory negligence and damages. The jury answered the negligence issue in the negative, and the plaintiff appeals, assigning error.

*Grady & Clark for plaintiff appellant.*
*Hester & Hester for defendants, appellees.*

DENNY, E.J. The plaintiff assigns as error the following portion of the court's charge to the jury: "That she (Shelby Jean Kinlaw) saw no signal nor no turn indicator or no signal of any kind; and that plaintiff suddenly stopped her automobile in front of defendants' automobile, and that defendants' automobile struck plaintiff's automobile in the center of the rear with the left front fender and bumper of the defendants' automobile * * * That the defendant Clarence Cain, Jr., was driving prior to this collision and before the collision down the road at a speed of 50 to 55 miles per hour; that the plaintiff suddenly stopped in front of him without giving any signal whatever."

It is apparent that the able and conscientious trial judge who tried this case below inadvertently overlooked the fact that there is no evidence tending to show that the plaintiff stopped her car suddenly in front of the defendants' car.

The defendants' evidence does not support their allegations in this respect. The defendants' evidence is unequivocally to the effect that there was nothing to have prevented the defendants from seeing the Dove car for more than a mile and that plaintiff's car was already stopped when defendant Shelby Jean Kinlaw first saw it. The defendant Kinlaw also testified, "I think Mr. Cain and I both realized it was stopped at the same time."

Where the court in its charge submits to the jury for their consideration facts material to the issue, which were no part of the evidence offered, it constitutes prejudicial error. *State v. McCoy,* 236 N.C. 121, 71 S.E. 2d 921; *Darden v. Leemaster,* 238 N.C. 573, 78 S.E. 2d 448, *State v. Alston,* 228 N.C. 555, 46 S.E. 2d 567; *Curlee v. Scales,* 223 N.C. 788, 28 S.E. 2d 576; *Cummings v. Coach Co.,* 220 N.C. 521, 17 S.E. 2d 662; *Smith v. Hosiery Mill,* 212 N.C. 661, 194 S.E. 83.

The plaintiff is entitled to a new trial, and it is so ordered.

New trial.

MOORE, J., not sitting.