KEITH DARREN HORNE, A MINOR APPEARING BY HIS GUARDIAN AD LITEM, KEITH C. HORNE, AND KEITH C. HORNE, INDIVIDUALLY v. JAMES ROBERT WALL AND TEXTILEASE CORPORATION

No. 758SC503

(Filed 5 November 1975)

1. **Automobiles § 90— failure to state material evidence and explain law arising thereon**

    In an action to recover for injuries sustained by minor plaintiff when he fell onto the road while riding his bicycle and was struck by defendant's truck, the trial court erred in failing to relate to the jury plaintiff's evidence that defendant's truck was 349 feet away when plaintiff first fell onto the road and to declare and explain the law arising on such evidence.

2. **Automobiles § 90— instructions — statement unsupported by evidence**

    In an action to recover for injuries sustained by minor plaintiff when he fell onto the road while riding his bicycle and was struck by defendant's truck, the trial court's statement in its instructions that plaintiff was trying to "beat the truck to the driveway" was unsupported by evidence and was prejudicial to plaintiff.

APPEAL by plaintiffs from *Webb, Judge.* Judgment entered 14 March 1975 in Superior Court, WAYNE County. Heard in the Court of Appeals 25 September 1975.

Minor plaintiff's complaint alleges that on 12 January 1973, between 6:00 p.m. and 6:15 p.m., he was riding a bicycle from his grandmother's home to his home on a rural paved road. He fell onto the roadway and defendant's truck, traveling in the same direction, struck the 13-year-old plaintiff. Texilease, defendant Wall's employer, is joined as a party defendant.

Defendants deny negligence and allege contributory negligence in their answer. Plaintiff's reply alleges last clear chance.

There was evidence at the trial to show that the plaintiffs and the minor plaintiff's grandmother lived on Rural Paved Road 1545 in Wayne County. The grandmother's house was located north of plaintiffs' home, and there was a distance of 349 feet between the respective driveways of their homes leading into the paved road.

The evidence further tended to establish that at the time of the accident the road in front of plaintiffs' house was covered with six to eight inches of ice, and the ice extended 150 to 160 feet north of plaintiffs' driveway.

The minor plaintiff testified that he and his two younger brothers were riding their bicycles from their grandmother's south towards their home. Minor plaintiff saw the lights of defendant Wall's truck when it was approximately one-half mile north from plaintiffs' driveway. When the minor plaintiff attempted to turn into his driveway, his bicycle slipped from under him, and he fell. Minor plaintiff testified that at this time the defendant's truck was in the vicinity of his grandmother's driveway. When he attempted to get up he slipped and fell again, and defendant continued southwardly on highway 1545 and struck the minor plaintiff.

The jury found that plaintiff had not been injured by the negligence of the defendant. Plaintiffs appealed.

*Dees, Dees, Smith, Powell and Jarrett, by William W. Smith, for plaintiff appellant.*

*Smith, Anderson, Blount and Mitchell, by James D. Blount, Jr., for defendant appellee.*

ARNOLD, Judge.

Plaintiffs allege that the trial judge erred in his instructions to the jury by failing to relate and apply the law to the

Horne v. Wall

plaintiffs' factual contentions. G.S. 1A-1, Rule 51 requires that the trial judge summarize the material aspects of the evidence sufficient to bring into focus the controlling legal principles. *Clay v. Garner,* 16 N.C. App. 510, 192 S.E. 2d 672 (1972).

"Rule 51 requires the trial judge to perform two positive acts: (1) to declare and explain the law arising on the evidence presented in the case; and (2) to review such evidence to the extent necessary to explain the application of that law to the particular facts and circumstances of the case." *Bodenheimer v. Bodenheimer,* 17 N.C. App. 434, 435, 194 S.E. 2d 375 (1973).

Rule 51 confers a substantial legal right, not dependent on a request for special instructions, and failure to charge on the material features of the case is prejudicial error. *Investment, Properties v. Norburn,* 281 N.C. 191, 188 S.E. 2d 342 (1972); *Clay v. Garner, supra.*

[1]  In the instant case, plaintiffs presented evidence attempting to establish that defendant was 349 feet away from the plaintiff at the time of plaintiff's first fall. This would mean that defendant drove over 100 yards toward plaintiff while plaintiff was struggling on the ice attempting to get out of the way. The distance between plaintiff and defendant, at the time defendant became aware of the dangerous situation, was critical to plaintiffs' effort in establishing defendant's duty of care. It was error for the trial judge not to mention this critical factual situation and relate the applicable principle of law in his charge to the jury.

[2]  Plaintiffs, in their next assignment of error, allege that the trial judge erred by making factual statements in his charge which were not in evidence and were material to the issue of negligence. The trial judge repeatedly stated that the plaintiff was trying to "beat the truck to his driveway." The statement implies that the plaintiff was racing the truck to his driveway. The implication existed in spite of the fact that the trial judge corrected himself when he said that the plaintiff was racing. ["I keep using the word race which I should not use."] Defendant presented no evidence tending to establish that the plaintiff was "trying to beat the truck to his driveway." It was prejudicial error for the court to submit for the consideration of the jury facts material to the issue which are not supported by evidence. *Dove v. Cain,* 267 N.C. 645, 148 S.E. 2d 611 (1966); *Curlee v. Scales,* 223 N.C. 788, 28 S.E. 2d 576 (1944).

Since plaintiffs are entitled to a new trial we see no reason to discuss the remaining assignments of error.

New trial.

Judges MORRIS and HEDRICK concur.