the award of $250.00 based thereon. As thus modified, the findings and award are affirmed.

Modified and affirmed.

---

## GORDON E. CULVER v. JAMES LAROACH.

### (Filed 27 November 1963.)

**Automobiles § 41f—**

> Evidence tending to show that plaintiff stopped behind a preceding car, which had stopped for a stop light at an intersection, that defendant, who was following behind plaintiff's car at a speed not exceeding ten miles per hour and a distance of about thirty feet, applied his brakes but that his car skidded on the ice and snow down an incline and bumped the rear of plaintiff's vehicle, inflicting no damage to defendant's car and insignificant damage to plaintiff's vehicle, *held* insufficient to be submitted to the jury in plaintiff's action to recover for personal injury.

APPEAL by plaintiff from *Armstrong, J.,* 29 April 1963 Civil Session of GUILFORD (Greensboro Division).

Plaintiff instituted this action to recover for personal injuries resulting from the alleged negligence of the defendant.

On the morning of 29 January 1962, the plaintiff was operating his 1955 Rambler station wagon in a northerly direction on North Eugene Street in the City of Greensboro. The street was slick with ice and snow, and sloped downhill to the north.

Plaintiff was operating his station wagon about 1-½ car lengths behind a car in front of him. Defendant was following behind the plaintiff. The car in front of plaintiff stopped. Plaintiff applied his brakes and stopped. The defendant, who was proceeding behind plaintiff at a speed of not more than ten miles per hour and at a distance of about 30 feet, applied his brakes and his car slid down the incline and bumped the rear of plaintiff's station wagon. All three cars had stopped for a stop light at the intersection of North Eugene Street and Bellemeade Street. The accident occurred about 100 to 150 feet north of the intersection of North Eugene and Bellemeade Streets.

It was agreed by the parties at the time that no damage had been done to the defendant's car and that the damage to the plaintiff's station wagon was too insignificant to report.

At the close of all the evidence the defendant moved for judgment as of nonsuit and the motion was allowed.

The plaintiff appeals, assigning error.

*Hines & Dettor and Joseph A. Sansone for appellant.*
*Smith, Moore, Smith, Schell & Hunter for appellee.*

PER CURIAM. A careful review of the evidence adduced in the trial below leads us to the conclusion that the evidence is insufficient to establish actionable negligence on the part of the defendant.

The judgment entered below is
Affirmed.

---

### STATE v. CHESTER GODWIN.

(Filed 27 November 1963.)

**1. Criminal Law § 106—**

    An instruction which, in effect, places the burden upon defendant to prove his defense of an alibi is prejudicial error.

**2. Criminal Law § 116—**

    The jury returned as a verdict "we decided he is guilty of an assault of this person," whereupon the court asked the jury if the court should understand that the jury found the defendant guilty of an assault with a deadly weapon inflicting serious injuries not resulting in death, as charged in the indictment. *Held:* It was prejudicial error for the trial court to intimate to the jury what their verdict should be.

APPEAL by defendant from *Burgwyn, E. J.,* August 1963 Session of JOHNSTON.

Criminal prosecution upon an indictment charging defendant with an assault with a deadly weapon upon Billy Ray Carter with intent to kill resulting in serious injury. G.S. 14-32.

Plea: Not guilty.

The record discloses the following in respect to the verdict:

    "Upon the coming in of the verdict, the Jury says: 'We decided that he is guilty of an Assault on this person.'

    "COURT: Do I understand that the Jury finds the Defendant guilty of an Assault with a Deadly weapon, inflicting serious injuries, not resulting in death, as charged in the Bill of Indictment? Do you mean to say that?

    "JUROR: Yes, sir.