WALTER ROBERTSON, JR. v. WILLIE BEE GHEE, WALTER WILLIAMS AND CALBERT JOHNSON.

(Filed 14 October, 1964.)

**1. Negligence § 11—**

Contributory negligence *ex vi termini* implies negligence on the part of defendant.

**2. Negligence § 26—**

Nonsuit for contributory negligence is proper only when plaintiff's own evidence, considered in the light most favorable to him, establishes this defense as the sole reasonable conclusion.

**3. Automobiles § 13—**

It is not negligence *per se* to drive a vehicle on a highway covered with snow or ice.

**4. Automobiles §§ 14, 42e—**

Evidence tending to show that the preceding vehicle had collided with a stationary vehicle, throwing an occupant thereof into the middle of the highway, that another occupant jumped out and had stood over the person lying in the highway for a couple of minutes before the following vehicle reached the scene, *held* not to show that the following vehicle was following more closely than 300 feet.

**5. Automobiles § 19—**

A person confronted with a sudden emergency is not held to the wisest choice of conduct but only to such choice as a person of ordinary care and prudence, similarly situated, would have made.

**6. Automobiles § 42e—**

Evidence tending to show that plaintiff was driving a tractor-trailer at a speed of some 15 miles per hour on a highway upon which there was snow and ice, that as he was driving over the crest of a hill he could not see a person lying prone on the highway until such person was picked up by the

lights of his vehicle when some 50 to 75 yards away, that, apprehending he could not stop his vehicle on the ice and snow before hitting such person, he drove to his left off the side of the highway, resulting in damage to the vehicle, *is held* not to show contributory negligence as a matter of law.

APPEAL by defendant Willie B. Ghee from *Mintz, J.,* April 1964 Session of NORTHAMPTON.

Civil action to recover damages for personal injuries and property damage allegedly caused by the joint and concurrent actionable negligence of the defendants.

The following issues were submitted to the jury, and answered as indicated:

"1. Was the plaintiff injured and his property damaged by the negligence of the defendant Willie Bee Ghee, as alleged in the Complaint?

"ANSWER: Yes.

"2. If so, did the plaintiff by his own negligence contribute to his injury and the damage to his property as alleged in the Answers of Willie Bee Ghee and Walter Williams?

"ANSWER: No.

"3. Was the defendant Willie Bee Ghee driving the pickup truck at the time of the accident as the agent of the defendant Walter Williams?

"ANSWER: No.

"4. What amount, if any, is the plaintiff entitled to recover on account of the injury to his person?

"ANSWER: $3,000.00.

"5. What amount, if any, is the plaintiff entitled to recover on account of the damage to his property?

"ANSWER: $5,000.00."

From a judgment on the verdict defendant Willie Bee Ghee appeals.

*Gay, Midyette & Turner by Felton Turner for defendant appellant.*
*Rudolph Bryant and William L. Thorp, Jr., for plaintiff appellee.*

PER CURIAM. In the record there is no answer by defendant Calbert Johnson. No issue was submitted as to him. He and his wife testified as witnesses for plaintiff.

Defendant Ghee assigns as error the denial of his motion for judgment of involuntary nonsuit made at the close of all the evidence. In

his brief his contention is that plaintiff is guilty of contributory negligence as a matter of law. The term "contributory negligence" *ex vi termini* implies or presupposes negligence on the part of defendant in an action for damages. *Darden v. Leemaster*, 238 N.C. 573, 78 S.E. 2d 448.

Defendant Ghee may successfully avail himself of his plea of contributory negligence of plaintiff as a matter of law by a motion for a compulsory judgment of nonsuit if, and only if, the facts necessary to show contributory negligence of plaintiff are established so clearly by his own evidence that no other conclusion can be reasonably drawn therefrom. *Short v. Chapman*, 261 N.C. 674, 136 S.E. 2d 40. Defendant Ghee's contention necessitates an appraisal of plaintiff's evidence in the light most favorable to him. *Short v. Chapman, supra; Beasley v. Williams*, 260 N.C. 561, 133 S.E. 2d 227; *Bundy v. Powell*, 229 N.C. 707, 51 S.E. 2d 307.

Plaintiff's evidence, considered in such light, shows:

About 8 p.m. on 14 December 1958 plaintiff, en route from Florida north with a load of oranges, drove his tractor and attached trailer across the bridge over the Roanoke River on U. S. Highway 301 between Weldon and Garysburg. The gross weight of his units and load was about 58,000 pounds. The brakes on his tractor and trailer were good. For a mile or two before he reached the river bridge, he had been following on the highway a Chevrolet driven by Calbert Johnson. There had been a snowstorm, it was cold and hazy, and the highway was slippery and covered with ice. George Sledge, a witness for defendant, was working at a filling station near where the Johnson Chevrolet struck the pickup truck. He testified: "On this night it was cold but there was not too much ice on the road."

Where U. S. Highway 301 crosses the river bridge going north, there is a steep hill or grade, and then it levels off and runs straight to where the collision occurred. A pickup truck owned by defendant Williams and operated by defendant Ghee was parked or stopped on U. S. Highway 301 north of the river bridge, headed north, with no lights on it. In the pickup truck as passengers were Peggy Ann Bell sitting in the middle and J. C. Walden to her right. Johnson, driving the Chevrolet about 30 miles an hour, did not see this pickup truck parked or stopped on the highway ahead of him until he was almost at it. He ran into its rear end, knocking it over into a ditch on the left side of the highway. By the impact J. C. Walden was thrown out of the pickup truck into the middle of the highway. Johnson's Chevrolet came to rest on the

right shoulder of the highway going north, just across the highway from the pickup truck.

The last time plaintiff saw the Johnson Chevrolet, until after the collision, was when he approached the steep hill or grade north of the river bridge. He was traveling 15 or 20 miles an hour. When he reached the crest of this hill or grade, his headlights picked up, 50 to 75 yards ahead of him, a man lying on the highway with two persons bending over him. He testified: "I had a split second to make a decision, and knew brakes are no good on ice, and my only choice was to go off the road and start out in the field. I got on the left-hand shoulder and got down in the ditch, rolled up another 25 feet and I hit a culvert and turned over, and that is it." He testified on cross-examination: "I did not attempt to use my brakes because at that distance I knew that my brakes were not good on the ice. My main concern was not to kill anybody. * * * If I had had a little more room I would have taken a chance to use my brakes. Probably would have jack-knifed or something, but the way it stood there, there was a human life and I did not take a chance." Traveling 15 or 20 miles an hour, it would take 300 feet to bring his tractor and loaded trailer to a normal stop.

J. C. Walden, a witness for defendant, heard a car coming, and the next thing he remembered was Ghee and Peggy Ann Bell helping him up from the highway. He testified on cross-examination: "I knew the truck barely missed hitting me. Yes, sir, he probably did save my life by turning as he did."

One is not negligent *per se* in driving an automobile on a highway covered with snow or ice. *Wise v. Lodge,* 247 N.C. 250, 100 S.E. 2d 677; *Linden v. Miller,* 172 Wis. 20, 177 N.W. 909, 12 A.L.R. 665. See *Culver v. LaRoach,* 260 N.C. 579, 133 S.E. 2d 167.

Considering plaintiff's evidence in the light most favorable to him, he was traveling 15 miles an hour, *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406, and was keeping a reasonably careful and proper lookout, because when he reached the crest of the steep hill or grade, he saw Walden lying on the middle of the highway with two persons bending over him 50 to 75 yards ahead. Plaintiff's evidence does not show how closely he was following the Johnson Chevrolet. Before he reached the crest of the steep hill or grade, he could not see the level road ahead of him. Certainly, his evidence does not compel a conclusion that he was following the Johnson Chevrolet at a distance of 300 feet or less behind. Peggy Ann Bell, a witness for defendants, testified: "The car hit us and knocked J. C. Walden out, and the truck went on the left side of the road in the ditch. I jumped out and was standing over J. C. *a couple of*

*minutes.* I was trying to help him get up. We got J. C. out of the road and the truck passed and went in the ditch." (Emphasis ours.)

Plaintiff was confronted with a sudden emergency. He was free from any negligence in bringing it about or contributing to it in whole or in part. He was required to act suddenly and in the face of real, impending, and imminent danger to the life of J. C. Walden, who was lying on the middle of the highway 50 to 75 yards ahead, which danger to the life of J. C. Walden had been proximately caused in part or in whole by defendant Ghee's negligence in stopping or parking a pickup truck without lights on the highway at night.

"One who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made." *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562.

Plaintiff's evidence, considered in the light most favorable to him, permits the reasonable inferences and conclusions that when he turned off the highway to avoid running over J. C. Walden he acted with such care as a reasonably prudent and careful person would use in such an emergency and under similar environments, that he was not driving at an improper speed, that he was keeping a reasonably careful lookout, that he had his tractor-trailer under control, and that he was not guilty of contributory negligence. An examination of the plaintiff's complaint and the evidence does not show a fatal variance, as contended by defendant. There is ample evidence of defendant Ghee's actionable negligence. The trial court correctly denied defendant's motion for a compulsory nonsuit.

The jury, under application of settled principles of law, resolved the issues of fact against appellant. While appellant's well-prepared brief presents contentions in respect to the charge involving fine distinctions and close differentiations, a careful examination of the charge and the assignments of error thereto discloses no prejudicial error sufficient to justify disturbing the verdict and judgment, and no new question or feature requiring extended discussion.

Neither reversible nor prejudicial error has been made to appear. All appellant's assignments of error are overruled. The verdict and judgment will be upheld.

No error.