COMMONWEALTH *vs.* JOHN B. SAVORY.[1]   SAME *vs.* SAME.

The ruling of the presiding judge, limiting the cross-examinatio n of a witness on matters entirely collateral to the issue, is not open to exceptions.

On a charge for feloniously receiving stolen goods, the jury may find the guilty knowledge, upon the testimony of an accomplice, corroborated by proof from other sources of an actual possession of the goods by the defendant, whether the accomplice does or does not testify to such possession.

THESE were two of seven indictments against this defendant, as a felonious receiver of stolen goods. They were all tried together before *Perkins,* J. in the court of common pleas. The first was for receiving goods stolen by one Dresser from Mrs. Sarah H. Works. The other was for receiving a cask of varnish, stolen by William H. Dorman from John Messervey.

On the trial, said William H. Dorman, an accomplice, as to some of the indictments, was offered as a witness by the government, and he testified to the commission of the larcenies alleged in several of the indictments, but not to that from Sarah H. Works, nor to any fact or date connected with that larceny. The only date fixed by said Dorman in regard to any fact testified to by him, was to the larceny from Messervey, which the witness stated was on the 18th June, 1849, and that he participated with one Brackett in the commission of it on that night. On the cross-examination of said Dorman, the defendant's counsel asked the witness, whether at any time within two years of June, 1849, he was living in adultery with an unmarried woman? The witness himself did not refuse or consent to answer the question, but the counsel for the government objected to the question, and the judge excluded the question.

The defendant's counsel requested the judge to instruct the jury that the possession of a very small portion of the property alleged to have been stolen, in any particular indictment, several months after the larceny, was not evidence in its nature corroborative of the accomplice on the question

[1] CUSHING, J. did not sit in these cases.

of guilty knowledge on the part of the defendant. But the judge upon this point instructed the jury, that if the accomplice was corroborated by unimpeached witnesses in respect to his statements on the matter of possession in those cases where the accomplice had testified respecting the possession by the defendant of the stolen goods, that being a point severely contested in the case, the jury might, if they saw fit, regard that as a corroboration on a material point, if in their judgment it did corroborate the accomplice, and if, after such corroboration, the jury fully believed the accomplice, and were entirely satisfied that he told the truth, and that the defendant did have the guilty knowledge required, they might find the guilty knowledge upon his evidence thus corroborated. The whole question was, however, for the jury to decide, as to whether the accomplice was corroborated, and also on the confidence they were to repose in the witness. That, on those indictments where the accomplice did not testify at all to the matter of possession, the fact of possession of the stolen property by the defendant, if clearly proved by other reliable evidence, might be regarded by the jury as a material fact, it having been severely contested, and if in their judgment the possession, such as they found it to be, did corroborate the accomplice, the jury might then, if they fully believed the accomplice, and were satisfied beyond any reasonable doubt by his evidence that the defendant did have the guilty knowledge required, find the guilty knowledge upon the evidence of the accomplice thus corroborated, and in this case also the matter was for the jury to decide whether the witness was corroborated, and also what credit they should give to the accomplice. In both of these cases on which only the jury found verdicts of guilty, the accomplices, viz: Dorman, in the case of Messervey's goods, and (so far as he is to be regarded as an accomplice) Dresser, in the case of Sarah H. Work's goods, did testify fully to the fact of possession by the defendant, and the manner in which he came by the possession. And in the case of the goods of Messervey, the possession proved by other witnesses, was not of a small portion. but the whole or nearly the whole of the stolen prop-

erty, being a cask and its contents of varnish, was found in the possession of the defendant and in his cellar, where the accomplice, Dorman, stated that it was placed by himself and the defendant.

To the above rulings and directions, the defendant being found guilty excepted.

*J. W. Perry*, for the defendant.

*Clifford*, (attorney-general,) for the commonwealth.

DEWEY, J. We have not deemed it necessary to review the many supposed conflicting cases, as to the rule of law allowing questions to be put on cross-examination to a witness which have a direct tendency to disgrace him, or degrade his character. So far as any questions were asked here, the answers to which might expose the witness to a criminal prosecution, as to such, they were not required to be answered for that reason. But the answer to the whole of the proposed inquiry that was refused is, that it was wholly collateral, and had no direct bearing upon the issue, and being so, the limitation to the cross-examination as to inquiries, as to new and entirely collateral matters, must be left to the sound discretion of the presiding judge, as a matter much more appropriately to be settled by him in view of the state of the case, the course and extent of the cross-examination, and its tendency to throw additional light upon the case. This was the view of this matter taken by the court in *Commonwealth* v. *Shaw*, 4 Cush. 593, and we see no reason for departing from it. Considering the present case as falling within the principle there stated, the court are of opinion that the ruling of the presiding judge, limiting the cross-examination in the manner he did, furnishes no ground for exceptions.

2. The further question as to the ruling of the court as to what constitutes a corroboration of an accomplice used as a witness, is one of more difficulty. The usual cases of corroboration have been those where some portion of the particular story, or detached narration of the witness has been confirmed by other testimony, showing the truth of such portion, and thus rendering it more probable that the remaining part is the truth. The presiding judge here went further,

and held that the fact of the possession of the stolen property by the defendant, though that was not one of the facts stated by the accomplice, yet if that fact was clearly proved by other reliable evidence, might be regarded by the jury as a material fact, and if, in the judgment of the jury, the possession thus shown to have been in the defendant did corroborate the accomplice, the jury might, if they fully believed the accomplice, find the defendant guilty upon the evidence of the accomplice thus corroborated, but the matter was wholly for the jury as to the corroboration, and what credit they would give the accomplice. Certainly, this whole subject of the effect that may be given to the testimony of an accomplice is left in a state of some embarrassment and doubt. It is the language of the books and of adjudicated cases, that an accomplice is a competent witness, and if his evidence is believed by the jury, it is competent for them to convict upon it, though unsupported by any other proof. 1 Phil. Ev. 34; *Atwood's Case,* 1 Leach, (4th ed.) 464; Macnally on Ev. 197; *Commonwealth* v. *Bosworth,* 22 Pick. 397.

But it is also often said further that the court will advise a jury not to convict unless there is some corroborating evidence, or, as it is stated in Bosworth's case, just cited, " where there is no evidence other than the uncorroborated testimony of the accomplice." It seems, however, that it has been held that this was a matter of discretion with the presiding judge, and not a legal duty, as was stated in the case of *King* v. *Durham,* decided at the Old Bailey, 1787, where the court say " that the practice of rejecting an unsupported accomplice is rather a matter of discretion with the court, than a rule of law." Macnally on Ev. 199. Giving effect to this principle fully would remove all ground for any exceptions in the present case. But it seems in practice to have been considered that if the presiding judge erred in admitting evidence as corroboratory, which was not properly such, it was proper to grant a new trial, as was done in the case of *Commonwealth* v. *Bosworth,* 22 Pick. 397. In that case, however, the corroborative evidence was directly confirmatory of a portion of the evidence of the accomplice, but it was of a portion of it,

that was a matter of public notoriety and observation, and the confirmation of it did not, in the opinion of the court, at all add strength to the testimony of the accomplice on other parts of the case, and the question arose upon the admission of such corroborative evidence. In one of the present cases, that of receiving stolen goods, the property of Sarah H. Works, we are brought to the consideration of a different question, whether it is competent for a jury to convict upon the testimony of an accomplice, with no corroboration by other witnesses of any particular portion of the statement of the accomplice, but a corroboration resulting from the proof of facts not stated by the accomplice, but which, if shown, tend to confirm the statement made by the accomplice, as by showing the goods found in the possession of the defendant, at such time and under such circumstances as would naturally occur if he had received them, knowing them to be stolen.

It is true, that here is no corroboration of any particular part of the story of the accomplice. But may it not be equally effectual as a corroboration, and ought it not to be so considered, if some independent fact not stated by the accomplice, is shown by other evidence, and which has a strong bearing upon the probable guilt of the accused; as, for instance, evidence showing a state of things in relation to the prisoner, such as would be naturally expected to exist, if the evidence of the accomplice was true, and not likely to have existed if the same was false. It is to be remembered that the present case is not one arising upon any question of the admission of evidence for the purpose of corroboration. The question arises upon the instructions to the jury ; whether it was not competent for them, upon the testimony of the accomplice, and the additional testimony of material facts, to find the defendant guilty. Taking the instructions in the guarded form they were given to the jury, and with the qualifications there stated, there seems to be no ground for disturbing the verdict. See *United States* v. *Kessler*, Bald. 22.

*Exceptions overruled.*