AGNES SEAGROVES v. CITY OF WINSTON.

(Filed 5 November, 1914.)

**Cities and Towns—Streets and Sidewalks—Negligence—Trials—Evidence—Nonsuit.**

In an action against a city for damages alleged to have been negligently inflicted on the plaintiff by reason of the defendant allowing a ditch or excavation to remain unlighted and unguarded on its street, at night, it was shown that the city issued a permit to plumbers to make sewer connections there, which were completed and the ditch properly filled and the bricks of the sidewalk replaced nine days before the occurrence; that less than an hour before the plaintiff's injury occurred a sunken place, alleged to be the cause thereof, came into the sidewalk, where the street was well lighted, evidently resulting from a cave-in from an excavation in a private lot: .*Held,* this evidence was insufficient, unsupported by other evidence, to be submitted to the jury on the question of defendant's actionable negligence.

APPEAL by defendant from *Devin, J.,* at March Term, 1914, of FORSYTH.

*Louis M. Swink and Alexander, Parrish & Korner for plaintiff.*
*Jones & Patterson, W. M. Hendren, and B. W. Stras for defendant.*

CLARK, C. J. This is an action against the defendant for damages sustained by reason of the defendant's alleged negligence in allowing a ditch or excavation on East Fourth Street to remain unlighted and unguarded at night, in consequence of which the plaintiff alleges she fell in and sustained serious injuries. There was an excavation on the lot of William Black, and the city had issued a permit to a plumbing company to make sewer connections from said lot across the street and sidewalk to the city's sewer main. This ditch was 2½ to 3 feet deep. On 22 December the pipe was laid in this ditch, making connection with the sewer main. The evidence was that the pipe had been laid to a point beyond the sidewalk line over on the lot of Black, the work finished, the earth securely packed and tamped, and the brick replaced in the sidewalk on said 22 December.

The evidence also was that if any hole or defect existed in the sidewalk, it developed after 6 p. m. on 31 December, and less than an hour before the plaintiff fell in; that the street was well lighted, there being an incandescent light 100 feet from the spot where the injury was alleged to have been sustained and an arc light of high power about 250 feet from this point, and that there was nothing to deflect or obstruct the light, and the defendant contended that if a defect actually existed in the walk, it should have been seen or discovered by the plaintiff.

The defendant excepted because the court in effect told the jury that if they should find by the weight of the evidence that parties acting under a permit from the city in making the sewer connection left a ditch or excavation in the sidewalk unguarded or unlighted, whereby the alleged injury was caused to the plaintiff, and that such or a similar result could have been foreseen by the exercise of reasonable care, the jury should answer the issue of negligence "Yes." The submission of any question of fact to a jury without sufficient evidence to warrant a finding is error. In *Sutton v. Madre*, 47 N. C., 320, it was held that circumstances raising a possibility or conjecture, unless sustained by other evidence, should not be left to the jury as evidence of a fact which a party is required to prove. This has been repeated in numerous cases, and indeed is a fundamental principle. If the hole occurred about 6 p. m., 31 December—and there is no evidence whatever that it existed before that time and much evidence to the contrary—there was no evidence to justify this instruction of the court.

The doctrine established in *Bailey v. Winston*, 157 N. C., 252, and other cases may thus be summed up: "When an excavation or opening is made in a street or sidewalk of a city with its consent or permission,

the city is liable for an injury occurring by reason of the negligence of the person doing the work, and likewise it may be liable for injuries occurring from defects left in the street after the completion of the work and for failure to inspect the work at its termination and ascertain whether it is left in a reasonably safe condition." The principle cannot be extended further. The city can be held responsible only for injuries occurring from negligence during the progress of the work or for failure to exercise ordinary care as to the safe condition of the street by inspection after the completion of the work.

The uncontradicted evidence in this case shows that the work for which the permit was issued by the city across the street and sidewalk was terminated on 22 December, nine days previous to the injury, and that the excavation was filled, the earth properly packed, and the bricks replaced on the sidewalk at that time. There was nothing further that the city could do. The prosecution of the work on the private property was outside the city's jurisdiction. There is positive testimony, uncontradicted, by the foreman and others who were excavating on the property of Black, that when work was suspended 10 minutes to 6 on 31 December he inspected the excavation, and there was then no hole or defect on the sidewalk. The hole must therefore have occurred by a cave-in soon thereafter, and there was no evidence of negligence on the part of the city in not discovering its existence in the few moments that elapsed before the plaintiff fell in the hole then developed. It was not negligence in that city that it did not discover it instantly, and there is no evidence tending to show that the city should have anticipated a cave-in.

There was no evidence of negligence on the part of the defendant to be submitted to the jury, and there was error in refusing the instruction asked for. These errors require a

New trial.