## STATE v. LUTHER FAIRLEY.

(Filed 31 January, 1947.)

**1. Criminal Law § 79—**

   Assignments of error not set out in appellant's brief are deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

**2. Homicide § 27f—**

   There was evidence on behalf of the State that defendant brought on the difficulty or willingly entered into the combat, and evidence on behalf

of defendant that after combat joined he ran up the road, pursued by his antagonist, that defendant motioned his antagonist to stop and did not fire the fatal shot until defendant had retreated some 100 yards. *Held:* An instruction stating the State's contention that defendant was not entitled to perfect self-defense "unless he withdrew from the combat" without reference to defendant's evidence or contention that he did in fact withdraw from the combat must be held for reversible error.

**3. Criminal Law § 53k—**

Where the court states contention of the State on a particular phase of the case it is error for the court to fail to state defendant's opposing contention arising out of the evidence on the same aspect of the case. G. S., 1-180.

APPEAL by defendant from *Williams, J.,* at January-February Term, 1946, of ROBESON.

Criminal action wherein the defendant Luther Fairley was tried on a bill of indictment charging him with murder, but the solicitor, before the trial, announced that the State would request conviction of no greater degree of unlawful homicide than murder in the second degree. The jury returned a verdict of guilty of manslaughter and the court pronounced judgment thereon that the defendant be imprisoned in the State's Prison for a term of not less than fourteen nor more than eighteen years. From said judgment the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*McKinnon & Seawell and L. J. Britt for defendant, appellant.*

SCHENCK, J. There are sixteen assignments of error in the record, many of which are taken as abandoned since they are not set out in the appellant's brief. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562. Others are brought forward and discussed, but we pass them over except the 11th, which seems to be valid.

Under Exception No. 11, the defendant contends that the trial court committed error in not defining what the jury might consider a withdrawal from an affray willingly entered into. The following, with respect to withdrawal, was charged:

"If you find that the defendant Fairley was willing to enter into and did enter into the combat with the deceased with a deadly weapon, then the defendant would not be excused for taking the life of deceased to save his own life, no matter to what extremity he might be reduced, unless he withdrew from the combat; for he thereby brought the necessity resulting upon himself by his own criminal conduct, and in such event he would be guilty of manslaughter at least."

There is evidence on behalf of the prosecution that the defendant brought on the difficulty, or willingly entered into the combat with the

deceased, and there is also evidence to the effect that the defendant ran up the road with the deceased and Will Baker after him, and that at the time of the fatal shooting the defendant was "backing back, motioning his hand . . . he was turning around in a half run, fast walk, this hand (left hand) like he was motioning for him to go back. . . . I would say George Dixon backed this old colored man down the road about 25 yards . . . Not a soul was hurt and no harm was done until he had run him 100 yards."

This evidence would indicate that the defendant was trying to quit the combat and endeavoring so to notify the deceased. At any rate, it would seem to require an instruction in respect of the defendant's contention about the matter, since the right of perfect self-defense had been denied the defendant, under the above instruction, "unless he withdrew from the combat." This was all that was said on the subject of withdrawing from the combat.

The judge is not required to give the contentions of the parties, but when he undertakes to state the position of one side on any particular phase of the case, it would seem that, in fairness, he ought to state the opposing contentions which arise out of the evidence on the same aspect of the case. And so the law is written. "Having undertaken to tell the jury how they should answer that issue if they found such facts according to plaintiff's contention, it was manifestly incumbent upon the court to state the defendant's contention in respect to such phase of the evidence and to instruct the jury how to answer the issue should they sustain such contention." *Jarrett v. Trunk Co.,* 144 N. C., 299, 56 S. E., 937.

For the deficiency in the charge, as indicated, the defendant is entitled to another hearing. G. S., 1-180. It is so ordered.

New trial.