STATE v. SHADE ALSTON.

(Filed 3 March, 1948.)

**1. Criminal Law § 53c: Homicide § 27a—Charge held not supported by evidence and constituted prejudicial error.**

In this homicide prosecution defendant pleaded self-defense. The evidence tended to show that defendant went to a social gathering with a loaded pistol in his pocket, that while there he got in an impromptu dice game with another guest, and that the guest lost and became greatly incensed and later moved to attack defendant with a loaded gun as defendant was sitting in his car waiting for his companions in order to leave, and that in the encounter deceased fired twice and defendant fired once, inflicting fatal injury. It was not clear from the evidence as to which fired first. *Held:* An instruction to the effect that if defendant armed himself and went to the gathering with the intention of using the weapon if he got into a fight with deceased, and provoked a fight in which

both used deadly weapons, defendant would be guilty of murder in the second degree, must be held for prejudicial error, since the instruction, although correct in itself, is not supported by the evidence.

**2. Criminal Law § 53k: Homicide §§ 27a, 27f—**

The evidence tended to show that defendant went to a social gathering with a loaded pistol, had an altercation with another guest, and, in an encounter in which each shot at the other, fatally wounded such other guest. *Held:* It was error for the court to give the State's contentions on this phase of the evidence without giving defendant's opposing contentions that the fact that defendant had a loaded pistol in his pocket would not deprive him of his legal right of self-defense if he made no unlawful use of the pistol prior to the attack upon him by deceased.

APPEAL by defendant from *Williams, J.,* at January Term, 1948, of WARREN. New trial.

The defendant was indicted for the murder of Charles Young. In accord with the announcement of the Solicitor for the State the trial was for murder in second degree or manslaughter as the evidence should disclose.

There was evidence tending to show that on the evening of 17 December, 1947, the defendant and his two nephews, named Perry, drove in an automobile to the house of Will Young, where Will Young's grandson, Calvin Young, had just arrived with his bride, accompanied also by his uncle Charles (called Cheatham) Young, the deceased. The defendant's automobile was stopped ten or twelve steps from the house. Supper was prepared, rabbit being one of the items on the menu. All were laughing and talking with the newly married couple as they went into the dining room to supper. After eating some of the food, the defendant and deceased, who had been reared in same community and were on friendly terms, went into the adjoining kitchen and played at a dice game, but the only money in evidence was a stake of 25c put up by each. Defendant won the money, and deceased asked him to loan him the money back so he could continue the game. This was refused. Defendant then went back into the dining room and ate a piece of rabbit, and shortly thereafter, accompanied by his nephew, went out to his automobile to leave. Defendant got in the automobile and was sitting under the wheel awaiting the Perry boys. As they were leaving the house the deceased said, "Shade (defendant) will not get away with that quarter," and took down from the rack a double barreled shotgun, loaded it, and stepped off the porch and moved toward the automobile with the gun. The Perry boys remonstrated with him, but he told them to stand back, which they did. The defendant drew a pistol from his pocket and shot the deceased, and the deceased fired both barrels at the defendant in the automobile at close range, one load striking the automobile just over defendant's head and the other going through the window. The evidence was not clear as to

which weapon was fired first but all three reports were very close together. The wound from the pistol ball caused the death of the deceased.

There was verdict of guilty of murder in second degree, and from judgment imposing sentence of twenty to twenty-two years in State's prison, the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Banzet & Banzet for defendant, appellant.*

DEVIN, J. The defendant admitted the intentional slaying of the deceased with a deadly weapon and relied for his acquittal upon his plea of self-defense. He contended, also, that in any view of the testimony satisfactory evidence of mitigation appeared, and that conviction of a. higher offense than manslaughter was not warranted. The defendant in apt time requested the court to instruct the jury that the fact that the' defendant had a pistol in his pocket, but had made no unlawful use of it prior to the attack upon him by the deceased, would not deprive the defendant of his legal right of self-defense. *S. v. Hough,* 138 N. C., 663, 50 S. E., 709. The court declined to give the instruction requested, but on this point charged the jury as follows: "I further charge you, gentlemen, that if the prisoner had prepared a deadly weapon with intention of using it if he got into a fight with the deceased, and went into the house and dining room having made this decision, and for a conflict with the deceased, Young, and met him there and got in a gambling game and quarreled over it and thereby he provoked a fight with him in which both used deadly weapons, one a shotgun and the other a pistol, and that as a result thereof he shot the pistol inflicting a wound which killed the deceased, then it would be your duty to return a verdict of guilty of murder in the second degree, provided you so find beyond a reasonable doubt." Defendant assigns error in these rulings of the court.

While the instruction complained of contains a correct statement of law when applicable to and supported by facts in evidence, it must be held for error here, since there was no evidence upon which to base the instruction given, or to justify the charge to the jury, if the facts as thus stated were found, to return verdict of guilty of murder in the second degree.

All the evidence seemed to indicate a friendly gathering at a marriage supper, where the social amenities of the occasion indicated felicitations and good food. As result of an impromptu dice game the defendant won the sum of 25c, and the deceased became greatly incensed and moved to attack the defendant with a loaded gun. The shooting that ensued proved fatal to the deceased. There was no evidence that the defendant had

prepared a weapon and gone to the house where the deceased was for the purpose of using it in a difficulty with him, or had provoked a fight with him.

To the evidence that the defendant had a pistol in his pocket when he went to the House of Will Young to greet the bride and bridegroom, the court inadvertently gave undue point and emphasis, in this instruction, by the suggestion of purposeful preparation of a deadly weapon as constituting ground for returning verdict of murder in the second degree. We think this had a prejudicial effect upon the defendant's pleas that the shooting was done in self-defense, or under circumstances which compelled the conclusion of mitigation to manslaughter. Nor does it appear that the converse or alternative view of this phase of the case was stated to the jury. *S. v. Fairley,* 227 N. C., 134, 41 S. E. (2d), 88.

In *Real Estate Co. v. Moser,* 175 N. C., 255, 95 S. E., 498, it was said: "The instruction embodies a correct and a very wholesome rule of law, but we do not think there is any sufficient evidence to support it." And in *Seagroves v. Winston,* 167 N. C., 206, 83 S. E., 251: "The submission of any question of fact to a jury without sufficient evidence to warrant a finding is error." See also *S. v. Love,* 187 N. C., 32, 121 S. E., 20; *S. v. Wyont,* 218 N. C., 505, 11 S. E. (2d), 473; *Curlee v. Scales,* 223 N. C., 788, 28 S. E. (2d), 576.

As there must be a new trial, the other exceptions noted by defendant and brought forward in his appeal have not been considered.

New trial.