## STATE v. WALTER HALE.

(Filed 3 February, 1950.)

**1. Criminal Law § 41g—**

The rule that the incriminating testimony of an accomplice should be scrutinized applies whether such testimony be supported or unsupported by other evidence in the case.

**2. Criminal Law § 53j—**

While the court is not required to charge the jury as to the credibility of the testimony of an accomplice in the absence of a special request, when the court voluntarily undertakes to charge the jury on this aspect, it is under duty to state the rule correctly as applied to the evidence in the case.

**3. Same—**

An instruction to the effect that the State contended that the testimony of accomplices offered by it was supported by other testimony adduced, followed by an instruction that the unsupported testimony of an accomplice should be scrutinized, *is held* erroneous as susceptible to the interpretation that if the testimony of an accomplice be supported, the rule of scrutiny would not apply.

APPEAL by Walter Hale from *Phillips, J.,* at February Term, 1949, of FORSYTH.

Criminal prosecution on indictment charging Walter Hale, Grady Jones, Porter Stack and Claude Weldy, Jr., with (1) conspiring to break and enter the dwelling house of Harry Huffman; (2) breaking and entering; (3) larceny, and (4) receiving stolen goods.

The defendant, Porter Stack, has not been apprehended.

The defendants, Grady Jones and Claude Weldy, Jr., entered general pleas of guilty and were used as witnesses against Walter Hale, who alone was tried on his plea of not guilty.

The evidence for the prosecution is to the effect that on 13 January, 1949, the home of Harry Huffman in Winston-Salem was forcibly entered, a wall safe prized open and $17,600 taken therefrom.

The evidence of Claude Weldy, Jr., and Grady Jones, is to the effect that the crime was planned by them with Walter Hale and Porter Stack, and whatever the theft brought was to be divided equally among them.

Walter Hale denied any and all connection with the conspiracy or the crime. Ann Lumley, a witness for the prosecution, identified Hale as one of the occupants of the car used in the theft and hence one of the conspirators.

The jury returned a verdict of guilty on the first two counts in the bill, not guilty on the third, and the fourth was dismissed by the court.

The three defendants, Grady Jones, Claude Weldy, Jr., and Walter Hale, were each sentenced to imprisonment in the State's Prison for a term of not less than five nor more than ten years.

The defendant, Walter Hale, appeals, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and John R. Jordan, Jr., Member of Staff, for the State.*

*Deal & Hutchins, Fred S. Hutchins, and John H. Folger for defendant.*

STACY, C. J.   The State's case rests upon the testimony of two accomplices, and the supporting evidence of Ann Lumley.   For factual similarity, see *S. v. Rising,* 223 N.C. 747, 28 S.E. 2d 221.

In charging the jury on the weight and credibility to be ascribed to the testimony of Grady Jones and Claude Weldy, Jr., the trial court used this language: "Now the court charges you that the State has offered two witnesses in this case who are accomplices within the meaning of the law. . . . The State insists and contends . . . that their testimony is supported by other facts and circumstances in the case, and that their testimony is not unsupported and does not go to your hands for your consideration as unsupported testimony of an accomplice. . . . Our Court has said this as to the law on accomplices: 'The unsupported testimony of an accomplice, while it should be received by the jury with caution, if it produces convincing proof of the defendant's guilt, is sufficient to sustain a conviction.'   That is as to the unsupported testimony of accomplices.

"(C) Now, when the testimony is unsupported, the court charges you that it is your duty to scrutinize such testimony carefully and with care, great care, to see whether or not they are telling you the truth. (D)."

The defendant excepts to the last portion of the charge between (C) and (D), because he says it carries the clear inference that if such testimony be supported, as here contended, it is not to be so scrutinized.

It bears against a witness that he is an accomplice in the crime and he is generally regarded as interested in the event. *S. v. Roberson,* 215 N.C. 784, 3 S.E. 2d 277.   The rule of scrutiny, therefore, applies to the testimony of an accomplice whether such testimony be supported or unsupported by other evidence in the case.   20 Am. Jur. 1088; 53 Am. Jur. 483 and 584.   Of course, corroboration of such testimony, or the lack of it, may greatly affect its credibility or worthiness of belief in the eyes of the jury.   But the rule of scrutiny and the weight of the testimony are different matters—the one belongs to the court; the other to the twelve.   *S. v. Beal,* 199 N.C. 278, 154 S.E. 604.   The court is not required to charge on the rule in the absence of a request to do so, and

his voluntary reference to it rests in his sound discretion. *S. v. Herring,* 201 N.C. 543, 160 S.E. 891. However, having undertaken to give the jury the rule of law applicable, the court was under the duty to state the rule correctly as applied to the evidence in the case. *S. v. Correll,* 228 N.C. 28, 44 S.E. 2d 334; *S. v. Fairley,* 227 N.C. 134, 41 S.E. 2d 88; *Jarrett v. Trunk Co.,* 144 N.C. 299, 56 S.E. 937.

The charge is susceptible of the interpretation, and we think the jury must have so understood it, that if the testimony of the accomplices were supported by the evidence of Ann Lumley, as the State contended, the rule of scrutiny would not apply. This was apparently prejudicial to the defendant's case.

We have not overlooked the cases in which seemingly similar instructions have been upheld, but in none of the cases so far examined was the question here debated presented or decided.

Consideration of the remaining exceptions is omitted as they may not arise on another hearing.

For the error as indicated a new trial seems necessary. It is so ordered.

New trial.