## STATE OF NORTH CAROLINA v. JOE LEWIS SHAW.

(Filed 10 July 1968.)

**1. Criminal Law § 117—**

An instruction charging the jury that a State's witness, who has pled guilty to the charge of larceny, "is an admitted accomplice to the larceny and his interest in the case as such accomplice should be scrutinized by you" *is held* favorable to the defendant in cautioning the jury as to their duty with respect to the testimony of one who was awaiting sentence.

**2. Burglary and Unlawful Breakings § 7—**

If all the evidence tends to show the completed crime of breaking and entering with the intent to steal, and there is no conflicting evidence relating to the elements of the offense, the court is not required to submit the question of defendant's guilt of a nonfelonious breaking or entry.

APPEAL by defendant from *Bickett, J.,* Second January 1968 Regular Criminal Session of WAKE Superior Court.

Criminal prosecution upon a bill of indictment charging defendant Joe Lewis Shaw and co-defendants Leroy Latrochish Flowers, Albert Bo Crowder, and Arthur Smith, Jr., with the felonies of breaking and entering, larceny, and receiving on 11 November 1967. The defendants had not been arraigned prior to the call of the case for trial. Upon arraignment, all of the defendants entered pleas of not guilty except Arthur Smith, Jr., who pleaded guilty to the charge of larceny. After the jury was selected, but before it was empaneled, the solicitor stated to the Court that he did not elect to place Arthur Smith, Jr., on trial for breaking and entering. Arthur Smith, Jr., was not tried at that time but was used by the State as a witness.

Defendant waived, in writing, his right to counsel at the trial in Superior Court but retained counsel to prosecute his appeal to this Court.

Trial was by jury, after the plea of not guilty. The Court submitted the case to the jury on the charges of breaking and entering and larceny after telling the jury that there was no evidence in this case as to the charge of receiving stolen property. The verdict was guilty of breaking and entering and larceny as charged. Sentence was imposed, and defendant appealed to the Court of Appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*Nassif & Churchill by James R. Rogers, III, for defendant.*

MALLARD, C.J. Defendant's first assignment of error is to a part of a sentence of the charge in which the Court refers to the witness Smith as "an admitted accomplice." The defendant contends that

this was prejudicial error because it amounted to an expression of opinion as to the weight and credibility of the witness Smith's testimony by the trial judge. The entire sentence in which these words appear reads as follows: "You may believe all that a witness testifies to, part of what he testified to, or nothing at all he testifies to, just as you find that particular witness worthy of belief; (remembering that the witness Smith is an admitted accomplice to the charge of larceny and his interest in the case as such accomplice should be scrutinized by you.)" The defendant excepted to only that portion of the charge in parentheses.

When the entire sentence is read, it is seen that this instruction is favorable to the defendant. The witness Smith had admitted upon arraignment that he was guilty of larceny and on the witness stand stated facts sufficient to show that he was an accomplice. When the charge is read as a whole, it is seen that the Court did not express an opinion but was cautioning the jury as to their duty with respect to the testimony of one who was awaiting sentence. *State v. Hale,* 231 N.C. 412, 57 S.E. 2d 322.

The defendant's second assignment of error is to the failure of the Court to submit to the jury the question of the defendant's guilt of the lesser included offense of nonfelonious breaking or entering. In *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545, the Supreme Court said:

"The distinction is this: The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice."

All the evidence in this case tends to show the completed crime of breaking and entering with the intent to steal, and there is no conflicting evidence relating to the elements of the crime charged. The evidence, which is uncontradicted, tends to show that there were two entries of the building described in the bill of indictment on the same night and that the crime of larceny was committed therein each time. There is no evidence of a nonfelonious breaking or entry, and it was not error to fail to charge as to this.

The defendant contends that the Court did not make it clear to the jury that the defendant Shaw could be acquitted on one or both

counts even though his co-defendants were convicted. This contention is without merit. The Court fully, completely, and accurately charged the jury as to the guilt or innocence of each defendant on each count.

The defendant makes other assignments of error which are without merit and require no discussion.

The defendant has had a fair trial, free from prejudicial error.

In the trial we find

No error.

BROCK and PARKER, JJ., concur.