STATE OF NORTH CAROLINA v. LEROY LATROCHISH FLOWERS, JOE LEWIS SHAW, ALBERT BO CROWDER, ARTHUR SMITH, JR.

(Filed 10 July 1968.)

**1. Criminal Law § 89—**

There was no error in admitting the testimony of a police officer concerning extra-judicial statements made to him by an accomplice of defendants, the accomplice himself having testified extensively on direct and on cross-examination as to the matters covered in the officer's testimony, and the court having instructed the jury that the officer's testimony was offered for purposes of corroborating the accomplice's testimony only and was not to be considered as substantive evidence.

**2. Constitutional Law § 31—**

There was no denial of defendants' constitutional right to be confronted with the witnesses against them where counsel for the defense extensively cross-examined defendants' accomplice who had testified for the State.

APPEAL by defendants, Leroy Latrochish Flowers and Albert Bo Crowder, from *Bickett, J.,* 2 January 1968 Regular Criminal Session of WAKE Superior Court.

The appealing defendants, Leroy Latrochish Flowers and Albert Bo Crowder, and two other persons, Joe Lewis Shaw and Arthur Smith, Jr., were charged in a bill of indictment with the felonies of breaking and entering, larceny, and receiving on 11 November 1967. Upon arraignment, all defendants, except Arthur Smith, Jr., entered pleas of not guilty. Smith pleaded guilty to the charge of larceny, and the Solicitor elected not to place him on trial together with the other defendants. The three remaining defendants were tried together by jury upon their pleas of not guilty. At the conclusion of the evidence the court found there had been no evidence as to the charge of receiving stolen property, and submitted the case to the jury on the charges of breaking and entering and larceny. From verdicts of guilty of breaking and entering and larceny as charged in the bill of indictment, and sentences thereupon imposed, the defendants, Leroy Latrochish Flowers and Albert Bo Crowder, through their court-appointed attorney, appealed.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*William T. McCuiston for defendant appellants.*

PARKER, J. The principal witness for the State was Arthur Smith, Jr., who had been indicted together with the defendants in the same bill of indictment. Smith had entered a plea of guilty to the charge of larceny but was not being tried together with the defendants. He testified in detail, both on direct and cross-examination, to the part which he had played and which had been played by the defendants in connection with the crimes for which the defendants were being tried. Following his testimony, the Solicitor called as a witness a detective from the Raleigh Police Department who testified to statements which Smith had made to him at the time of his arrest. This testimony was offered solely to corroborate the witness Smith, and the court so instructed the jury at the time it was offered. No objection and no motion to strike was made by the defendants at the time the corroborating testimony of the police officer concerning the statements made to him by Smith was offered and

admitted in evidence. The appealing defendants now assign as error the admission of this testimony, contending that it was not competent as against them and that the failure of the court so to instruct the jury was prejudicial error. There is no merit in this contention.

Quite apart from defendants' failure to object or to except, there was no error in admitting the testimony of the police officer concerning the statements made to him by Smith. The court correctly instructed the jury that this testimony was being offered only for the purpose of corroborating the witness Smith and was not to be considered by them as substantive evidence. "If a statement is offered for any purpose other than that of proving the truth of the matter stated, it is not objectionable as hearsay." Stansbury, N. C. Evidence 2d, § 141. Further, the witness Smith had himself testified extensively from the witness stand concerning all of the matters which were covered in the extrajudicial statement which he had given to the police officer. He had been subjected to extensive cross-examination by the attorney for defendants. There was here no denial of the defendants' constitutional right to be confronted with the witnesses against them. See *Bruton v. United States*, 391 U.S. 123, 20 L. ed. 2d 476, 88 S. Ct. 20.

Appellants' remaining assignments of error relate to the charge of the court to the jury. We have carefully reviewed the entire charge, and find it to be without error. See opinion filed this date by Mallard, C.J., in *State v. Shaw*, 1 N.C.App. 606, 162 S.E. 2d 33, which relates to this same trial. The defendants have had a fair trial, free from prejudicial error.

In the entire trial, we find

No error.

MALLARD, C.J., and BROCK, J., concur.