Orville O. MILLER, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 4130.

Supreme Court of Wyoming.

April 24, 1973.

Gerald M. Gallivan, Defender Aid Program, Laramie, for appellant.

Clarence A. Brimmer, Atty. Gen., Bert T. Ahlstrom, Jr., Asst. Atty. Gen., and H. J. Arnieri, Law Clark, Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, and McINTYRE, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

The defendant was charged with the crime of robbery [1] alleged to have occurred on August 4, 1971 at Rawlins, Wyoming

against the person of John R. Ellis. Commencing on March 21, 1972 the matter was tried in the district court of Carbon County before a jury. On March 23, 1972 the jury informed the court that it could not agree upon a verdict, whereupon the jury was excused. The matter was again tried on April 5, 1972, and on April 7 the jury found the defendant guilty of robbery as charged in the information. Following a presentence investigation and hearing, judgment was entered in which the defendant was sentenced to the Wyoming State Penitentiary for a period of not less than eight years and not more than ten years, from which this appeal was taken.

At the second trial the victim, Ellis, identified the defendant as the one who robbed him and said he had lied at the first trial, having testified that he was extremely drunk and could not identify the people who robbed him although he did recall hearing what he thought were the voices of a woman and a man. (The jury was instructed as to the consideration to be given the testimony of a perjurer.)

The State's principal witness was Garnet Kay Nelson Davis who admitted she had participated in the crime and said she and the defendant had committed the crime. For her testimony for the State this witness was granted immunity.

One of the defendant's contentions was that the accomplice instruction given by the trial court was erroneous. The instruction given was as follows:

"You are further instructed that the evidence of the witness, Garnet Kay Nelson Davis, shows that she was an accomplice in the commission of a crime. The testimony of an accomplice alone, without corroboration, should be examined by you with scrutiny and received with great caution. If you find that the testimony of the accomplice is corroborated by other credible evidence, you may treat such testimony like that of any other witness."

His objection was to the last sentence of the instruction upon the specific ground that the testimony of an accomplice is always to be treated with great caution and never like that of any other witness.

There was testimony the defendant was with the victim during the night of the robbery and that he had indicated to others he wanted to rob the victim. However, the only evidence that the defendant had actually committed the robbery was the testimony of the victim, who admitted he had committed perjury at the first trial, and that of Mrs. Davis. The testimony of Mrs. Davis was therefore of crucial significance and if a cautionary instruction was given the jury should have been properly charged.

The court undertook to caution the jury over the defendant's specific objection:

"* * * the defense objects particularly to the last sentence, * * * The specific grounds for this objection are that the testimony of the accomplice is always to be treated with great caution, and such testimony is never to be treated like that of any other witness."

"The rule of scrutiny * * * applies to the testimony of an accomplice whether such testimony be supported or unsupported by other evidence in the case." State v. Hale, 231 N.C. 412, 57 S.E.2d 322, 323. Thus, the instruction was patently erroneous. Tomley v. United States, 5 Cir., 250 F.2d 549, 551; People v. O'Connell, 20 Ill. 2d 442, 170 N.E.2d 533, 535–536. Accordingly, the conviction of the defendant must be reversed and remanded for new trial.

The defendant argued that as an indigent he was entitled to a free transcript of the first trial because the State must, as a matter of equal protection, provide indigents with the basic tools of an adequate defense when those tools are available to those able to pay for them and cited Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 414, 30 L.Ed.2d 372, and Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 433, 30 L.Ed.2d 400. In both of those cases there was a motion for transcript which was considered and denied by the trial court. The defendant's transcript argu-

ment was twofold, that is, he argued that he should have had a transcript of the first trial as an aid in the preparation and trial of the second trial, and also for the purpose of appeal. Following the first trial and before the second trial the defendant filed a motion asking for a transcript of the first trial. However, there is nothing in the record to show the defendant did any more than file the motion. Since there is nothing to show that the trial court's attention was ever called to the motion or that there was any attempt to have the court rule on the motion, there is no occasion to consider this matter here. Guggen-

mos v. Tom Searl-Frank McCue, Inc., Wyo., 481 P.2d 48, 51; Moore v. Kondziela, Wyo., 405 P.2d 788, 791; In re Bridger Valley Conservancy District, Wyo., 401 P. 2d 289, 292; DeBruyn v. Golden Age Club of Cheyenne, Wyo., 399 P.2d 390, 395; 24 C.J.S. Criminal Law § 1679, p. 1205.

Defendant also has urged that perjured testimony played an important role in the conviction and that a new trial should therefore be ordered. In view of our disposition of the cause, it is unnecessary to examine this claimed error.

Reversed and remanded.