STATE of South Dakota, Plaintiff
and Respondent,

v.

Jack BEENE, Defendant and Appellant.

No. 12037–rev.–DJP.

Supreme Court of South Dakota.

Argued June 9, 1977 on Reassignment.

Decided Sept. 9, 1977.

Peter H. Lieberman, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Steven M. Johnson, Frank J. Brady of Brady, Kabeiseman & Reade, Yankton, for defendant and appellant.

PORTER, Justice (on reassignment).

Defendant was tried by jury upon two counts of third degree burglary, allegedly committed in rural Yankton County on November 12, 1975. A witness for the State, one Friesen, testified that he committed the burglaries, and also implicated defendant. No witness, other than Friesen, gave any testimony directly tending to show defendant's complicity. Essentially upon Friesen's testimony, defendant was convicted as charged.

Defendant appeals, contending that the trial court erred (1) in failing to instruct the jury that the testimony of Friesen should be examined with great care and caution before accepting it as true, and (2) that

failure to so instruct constituted prejudicial error.

## DUTY OF COURT TO INSTRUCT

■ By his own testimony, Friesen was an accomplice.[1] The State does not argue otherwise. Defendant tendered an instruction upon the weight to be given Friesen's testimony, which the court refused.[2] In *State v. Douglas*, 70 S.D. 203, 225, 16 N.W.2d 489, 499–500 (1944), "where the testimony of the accomplice [was] necessary to establish facts essential to defendant's guilt" this court (per Bakewell, J.) held that the defendant's requested instruction "as to the duty of the jury to examine [the accomplice's] testimony with great care and caution before accepting it as true" should have been given. Referring to *Douglas*, the State's brief concedes: "[The] case appears to hold that a cautionary instruction should be given warning that an accomplice's testimony should be examined 'with great care and caution.' The state does not contest the holding of [the] case, * * *." We conclude that *Douglas* may fairly be viewed as precedent for holding in this case that the trial court should have given the requested cautionary instruction as to the testimony of Friesen.[3]

1. See *State v. Johnson*, 81 S.D. 600, 139 N.W.2d 232 (1965) defining an "accomplice."
2. Defendant proposed the following instruction:

   The testimony of an informer who provides evidence against a Defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been effected [sic] by interest, or by prejudice against the defendant.

3. Whether the requested instruction was textually sufficient to constitute a proper request for an instruction on accomplice testimony is not questioned by the State on this appeal. We express no opinion on the text, but treat it as sufficient to call to the attention of the trial court the need for the cautionary instruction on the weight of accomplice testimony.
4. Concerning the need for a cautionary instruction, the court wrote:

   The dangers inherent in receiving the testimony of an accomplice are spelled out in 30

There are sound reasons for the giving of a cautionary instruction. They are stated in *People v. Tewksbury*, 15 Cal.3d 953, 967, 127 Cal.Rptr. 135, 145–46, 544 P.2d 1335, 1345–46 (1976):

"[E]xperience has shown that the evidence of an accomplice should be viewed with care, caution and suspicion because it comes from a tainted source and is often given in the hope or expectation of leniency or immunity." [citations omitted.] In addition to being derived from a suspect source accomplice testimony is frequently cloaked with a plausibility which may interfere with the jury's ability to evaluate its credibility. "'[A]n accomplice is not merely a witness with a possible motive to tell lies about an innocent accused but is such a witness peculiarly equipped, by reason of his inside knowledge of the crime, to convince the unwary that his lies are the truth.'" (Heydon, The Corroboration of Accomplices, 1973 Crim.L.Rev. (Eng.Ed.) 264, 266; see also Note, 54 Colum.L.Rev. 219, 234.)

It has been said that a skeptical approach to accomplice testimony is a mark of the fair administration of justice. *People v. McCoy*, 392 Mich. 231, 220 N.W.2d 456 (1974).[4]

Am.Jur.2d, Evidence, § 1148, p. 323 (notes omitted):

"The facts that the testimony of accomplices is not of the most satisfactory character and that it is attended with serious infirmities are matters recognized by the decisions and are too obvious and well understood to call for extended exposition. Testimony of an accomplice has been held to be fraught with weakness due to the effect of fear, threats, hostility, motives, or hope of leniency. The consideration of the infirmities of this kind of testimony goes to the credibility of the evidence and the law requires that such testimony be closely scrutinized and accepted with caution. From Crown political prosecutions, and before, to recent prison camp inquisitions, a long history of human frailty and govermental overreaching for conviction has justified distrust in accomplice testimony. It has been said that a skeptical approach to accomplice testimony is a mark of the fair administration of justice."

This Court has recognized that defendant has a right to have a special cautionary in-

We recognize that the court, by Instruction No. 10 (South Dakota Criminal Pattern Jury Instruction 1–16–6) properly instructed the jury that the testimony of the accomplice must be corroborated. SDCL 23–44–10.[5] However, under our holding in *Douglas*, although the accomplice corroboration instruction applying SDCL 23–44–10 (then SDC 34.3636) is given, the cautionary instruction concerning the weight to be given the testimony of the accomplice is also to be given, if requested. We conclude, in the case at bar, that the failure of the trial court to give the requested cautionary instruction was error.

## HARMLESS OR PREJUDICIAL ERROR

### I

In addition to Friesen, the State's case included the testimony of seven witnesses. Taken as true, the testimony of the seven would not make a case for the jury on the charges against the defendant, and the State does not contend that it would. It may fairly be said that the conviction was substantially procured by the testimony of Friesen.

The court gave the jury Instruction No. 13 concerning witness credibility.[6] This instruction applied equally to all witnesses. This was misdirection since it had the erroneous effect of telling the jury that the credibility of an accomplice was to be determined by the same test as would be applied in determining the credibility of any other witness. *State v. Hale*, 231 N.C. 412, 57

S.E.2d 322 (1950); *Miller v. State*, 508 P.2d 1207 (Wyo.1973); Annot., 4 A.L.R.3d 351–56 (1965). "The jury is to be admonished so that it will not accept the words of an accomplice at face value, with any presumption of truthfulness and candor, or upon the same standard as that applied to other witnesses." *People v. Gordon*, 10 Cal.3d 460, 471, 110 Cal.Rptr. 906, 912–13, 516 P.2d 298, 304 (1973).

The giving of Instruction No. 13 in this case compounded rather than cured the error occasioned by the failure of the court to give a cautionary instruction referring specifically to the weight to be given accomplice testimony.

### II

The failure to give the accomplice cautionary instruction was harmless error, the State argues, because the motivation of Friesen to lie was fully disclosed to the jury during his direct and cross-examination. Among other things, Friesen's testimony revealed that he was granted immunity, not only as to the two burglaries of November 12, 1975, but also as to any crime he had committed in South Dakota since he was eighteen years of age—a period of eight years. On cross-examination Friesen testified:

Q. So that from the [agreement] that you made with the officers, it was necessary for you to give them information whereby they could arrest someone else for you to comply with your part of the agreement as to immunity, was it not?

---

struction given to the jury concerning such testimony. 392 Mich. at 236, 220 N.W.2d at 458.

**5.** A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

**6.** You are the sole and exclusive judges of the credibility of the witnesses, of the weight of evidence, and of all questions of fact. The Court does not in any of the instructions which it gives you mean or intend to say or even to intimate what any of the facts in this case are,

or what your verdict in this case should be. It is your right, in determining upon the weight to be given to the testimony of the several witnesses who have testified in the case, to determine from the appearance of the candor or frankness, or the lack thereof, which witnesses are more worthy of credit, and to give weight accordingly. In determining the weight to be given to the testimony of the witnesses, you are authorized to consider their relationship to the parties, when the same is proved, their interest, if any, in the event of the action, their feeling or bias, if any has been shown, their demeanor on the stand, their means of information, and the reasonableness of the story told by them, and to give weight accordingly.

### A. Yes.

The argument of the State here was advanced in *Anthony v. State*, 521 P.2d 486, 491 (Alaska 1974), where the State sought "to avoid the impact of the concededly applicable rule by arguing that the cross-examination of [the accomplice] and defense counsel's closing argument sufficiently apprised the jury of the lack of reliability of accomplice testimony, [footnote omitted] so that the failure of the court to give the accomplice instruction was harmless." After expressing doubt that the cross-examination answers had the effect claimed, the court went on to say:

> But even supposing cross-examination and closing argument to have been devastating, the purpose of the rule is to raise the issue of accomplice credibility above mere adversary colloquy. The giving of the instruction to view the testimony of an accomplice with distrust clothes the issue with the cloak of the judge's impartial authority and thus mandates application of that criterion in the jury's deliberation. For this reason alone, the failure to give the accomplice instruction cannot be regarded as harmless under the circumstances of this case.

Here, the State's case turned upon Friesen's credibility. The jury had to credit his testimony in order to convict defendant. The jury should have had the benefit of the accomplice cautionary instruction in order to enable them to properly evaluate that testimony. As an accomplice, Friesen, in law, is regarded as a corrupt source of testimony. "The jurors must be warned that, in effect, the accomplice may tailor the truth to his or her own self-serving mold, and that they are to weigh the testimony with that caveat in mind." *People v. Gordon*, 10 Cal.3d 460, 471, 110 Cal.Rptr. 906, 913, 516 P.2d 298, 305 (1973).

Because the weight given the Friesen testimony by the jury was of crucial importance to the outcome, failure to correctly instruct the jury on the weight to be given accomplice testimony went to the core of the case, and was patently prejudicial to defendant.[7]

### III

The State contends that the failure to give the proposed instruction, "while constituting error, is not such a grievous error that reversal is mandated." It concedes that the giving of the instruction proposed by the defendant is the better course of conduct, but argues that any error committed was harmless, referring to SDCL 23–1–2 for support. SDCL 23–1–2 provides that an error or mistake in any proceeding does not render it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right. In *State v. Reddington*, 80 S.D. 390, 396, 125 N.W.2d 58, 62 (1964), this court defined prejudicial error as " 'such error as in all probability must have produced some effect upon the final result of the trial, namely, the verdict of the jury.' Prejudicial error is error which affects the final result and is harmful to the substantial rights of the party assigning it." For the reasons given in this opinion, *supra*, we conclude that the failure to give the requested instruction in all probability must have produced some effect upon the jury verdict. The error was, therefore, prejudicial to the rights of the defendant.

Because of our holding, we do not reach the other issue raised by defendant on this appeal.

### CONCLUSION

1. The judgment from which defendant appeals is reversed.

▇ 2. For cases tried after the publication of this opinion, it will be deemed error to fail upon request to give a cautionary instruction concerning accomplice testimony

---

7. We do not depend upon *State v. Douglas*, 70 S.D. 203, 16 N.W.2d 489 (1944), *supra*, as precedent for our holding that the error here is *prejudicial*. In *Douglas*, neither the accomplice testimony instruction nor the accomplice corroboration instruction was given. The court held both should have been given, and that failure to give them was prejudicial. That is not the precise issue on *prejudicial* error presented here.

whenever the testimony given upon the trial is sufficient to warrant the conclusion upon the part of the jury that a witness implicating a defendant was an accomplice, provided the witness was not called by the defendant requesting the instruction.

ZASTROW and MORGAN, JJ., concur.

DUNN, C. J. and WOLLMAN, J., dissent.

DUNN, Chief Justice (dissenting).

I would affirm the judgment of conviction. While the trial judge should have given the cautionary instruction, his failure to do so was not reversible error where the instructions as a whole fully and fairly stated the law on accomplices.

The trial court did refuse to give requested Instruction No. 1 which read:

"The testimony of an informer who provides evidence against a Defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been effected by interest, or by prejudice against the Defendant."

The trial court did give South Dakota Criminal Pattern Jury Instruction 1–16–6 which reads:

"No. 10

"The State has offered the testimony of a witness who says he was an accomplice of the defendant in the commission of the offense charged. Under the law of this State a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof. Therefore, the defendant cannot be convicted upon the testimony of the accomplice, unless you find in the testimony from some source other than said accomplice, evidence which tends to connect the defendant with the commission of the

offense. The corroboration or testimony other than that of the accomplice, is not sufficient if it merely shows the commission of the offense charged or the circumstances thereof. The corroborating testimony is sufficient if it fairly tends to connect the defendant with the commission of the offense charged. But, it is not required that this corroborating testimony should be sufficient in itself to establish all of the elements of the offense with which the defendant is charged."

The trial court also gave the following cautionary instruction which reads in part:

"No. 13

" * * * In determining the weight to be given to the testimony of the witnesses, you are authorized to consider their relationship to the parties, when the same is proved, their interest, if any, in the event of the action, their feeling or bias, if any has been shown, their demeanor on the stand, their means of information, and the reasonableness of the story told by them, and to give weight accordingly."

In regard to the federal cases cited by the defendant, I would agree with their holding that a failure to give an instruction on the care and caution a jury should use in considering the uncorroborated testimony of an accomplice would be plain error; however, the federal courts permit *conviction of a defendant upon the uncorroborated testimony of an accomplice.* South Dakota does not permit such a conviction, and thus the holdings of the federal courts would not be helpful in the present case. I now turn to the South Dakota case of *State v. Douglas,* 1944, 70 S.D. 203, 16 N.W.2d 489, cited by defendant. With regard to this issue, the court stated:

"He is a competent witness under our statute, but SDC 34.3636 changes the common law rule which permitted conviction on the uncorroborated testimony of such accomplice, by prohibiting such conviction. This statute crystalized in a rule of positive law what was already a rule of practice which courts regarded themselves as bound to observe, for it has long

been the practice both in England and America for the Court not only to caution the jury as to the danger of acting upon the unsupported testimony of an accomplice, and to advise them not to convict unless there is some corroborating evidence.

"While the decisions under the statute are not free from confusion and it is said that the law has been thought not free from doubt and embarrassment as to the absolute duty of the trial Court to so instruct and as to whether failure to do so is reversible error, *People v. Clough*, 73 Cal. 348, 15 P. 5; *Commonwealth v. Savory*, 64 Mass. 535, 10 Cush. 535, we think that the weight of authority in states whose statute is like ours is that at least where such instruction is requested it is reversible error to refuse it in any case where the testimony of the accomplice is necessary to establish facts essential to defendant's guilt. (Citations omitted)

"In many of these cases the logic and reason for the rule is not stated. The reason is of course that SDC 34.3636 states a positive rule of law which is part of the law of the case. * * *

* * * * * *

"In the light of all this the Court should have given the requested instruction as to the duty of the jury to examine his testimony with great care and caution before accepting it as true. The refusal of defendant's requested instruction as to the law of accomplices and the failure of the trial Court to in any manner instruct on the necessity of corroboration is reversible error." 70 S.D. at 225–227, 16 N.W.2d at 499–500.

I would agree completely with Judge Bakewell's conclusion in the above case. The court should have given the instruction as to the duty of the jury to examine the accomplice's testimony with great care and caution, and, where the trial court also failed to give the instruction on accomplices which requires the necessity of corroboration, it would be reversible error. Here, however, the trial court did give the full jury instruction on the necessity of corrobo-

ration, which, among other things, states "the defendant cannot be convicted upon the testimony of the accomplice, unless you find in the testimony from some source other than said accomplice, evidence which tends to connect the defendant with the commission of the offense."

I am not inclined, as the majority would indicate, to permit a concession by the Attorney General to foreclose this court's proper interpretation of a case that has been submitted to the court as authority. The *Douglas* case submitted by the defendant is good, respectable authority for affirming this judgment, and I would follow it.

In addition to this, the court gave the general cautionary instruction that the jury should consider the interests of a witness in the outcome of the case and the reason for the witness' testimony. This, together with the full disclosure in the record of Mr. Friesen's deal with the authorities whereby he would be held immune from prosecution for all crimes committed since he was 18 years old, only on the condition that he testify fully and freely in this case and provide information in regard to other unsolved crimes, should certainly have placed this jury on guard as to Friesen's testimony and the need to consider it with extreme caution. It is difficult to imagine how the use of the magic words "care and caution in considering his testimony" would have added anything to the jury's full knowledge of the deal that had been made, the accomplice's interest and reason for testifying, the fact that his testimony alone could not convict the defendant, and that the jurors must find corroboration from other witnesses to connect this defendant with the crime before finding him guilty. To reverse this case for failure to give the added cautionary instruction requested places an undue emphasis on the use of certain key words in an instruction when the instructions as a whole fully and fairly state the law as to an accomplice.

Further, the corroborating testimony of the owners of the burglarized buildings, of Jerry Jensen, Steve Ellis and Diane Wiker

fairly connects this defendant with the crimes charged, and I would affirm the judgment.

I am authorized to state that Justice WOLLMAN joins in this dissent.