**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Robert SPOONEMORE, Defendant and Appellant.**

No. 12696.

Supreme Court of South Dakota.

Considered on Briefs Nov. 14, 1979.

Decided Jan. 16, 1980.

Leann Larson Finke, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Todd D. Hauge of Bakewell & Hauge, Custer, for defendant and appellant.

ANDERST, Circuit Judge.

Appellant, Robert Spoonemore, was convicted on November 14, 1978, after a jury trial, of three counts of third degree burglary. We reverse.

The state's primary witness was the alleged accomplice of appellant. Defense council requested a cautionary instruction concerning accomplice testimony,* which the trial court refused to give. In *State v. Beene*, 257 N.W.2d 589 (S.D.1977), we said, "For cases tried after the publication of this opinion, it will be deemed error to fail upon request to give a cautionary instruction concerning accomplice testimony whenever the testimony given upon the trial is sufficient to warrant the conclusion upon the part of the jury that a witness implicating a defendant was an accomplice * * *." 257 N.W.2d at 592–593. As in that case, the testimony of the alleged accomplice was of crucial importance to the outcome and failure to correctly instruct the jury on the weight to be given such testimony was prejudicial to appellant.

One other alleged error on appeal may arise on retrial. Appellant moved to suppress certain evidence that was obtained during the course of a search conducted pursuant to a valid warrant. After a suppression hearing was held, the trial judge entered findings of fact and an order denying the motion. A trial court's findings of fact will not be set aside unless they are clearly erroneous, are against a clear preponderance of the evidence, or are not supported by credible evidence. *Cunningham v. Yankton Clinic, P.A.*, 262 N.W.2d 508 (S.D.1978); *Bogue v. Clay County*, 75 S.D. 140, 60 N.W.2d 218 (1953). The evidence adduced at the suppression hearing clearly supports the findings of the trial court. The search was a reasonable and valid search that did not violate any of appellant's constitutional or statutory rights.

The judgment of conviction is reversed.

WOLLMAN, C. J., and MORGAN and FOSHEIM, JJ., concur.

---

* Defendant's proposed instruction No. 3 read: "The fact that a person is an accomplice in a commission of a crime goes to his credibility as a witness, and an accomplice is not entitled to the full credit given to the other witnesses. You will receive such testimony with caution, closely scrutinize it in the light of all of the other evidence in the case, and give to it such weight as you may think it is entitled to have." Cf. S.D. Criminal Pattern Jury Instruction 1–16–7.

DUNN, J., dissents.

ANDERST, Circuit Judge, sitting for HENDERSON, J., disqualified.

DUNN, Justice (dissenting).

I would affirm the conviction in this case · for all of the reasons cited in my dissent in *State v. Beene,* 257 N.W.2d 589 (S.D.1977). I see no reason to perpetuate an erroneous interpretation of *State v. Douglas,* 70 S.D. 203, 16 N.W.2d 489 (1944), in the name of stare decisis. .